**Affirmed in Part, Reversed and Remanded in Part, and Opinion filed December 22, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00937-CR

---

### ANDRE ONEAL HUNTER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1476760**

---

### O P I N I O N

Andre Oneal Hunter appeals from a conviction for assault of a family member as a second offender, a third-degree felony. *See* Tex. Pen. Code § 22.01(b)(2)(A) (West 2015). Appellant brings two issues on appeal: (1) the trial court erred in admitting three letters into evidence, and (2) the evidence is legally insufficient to sentence appellant as a habitual offender. We overrule appellant's evidentiary challenges and affirm his conviction. However, because there is

insufficient evidence to show that appellant was a habitual offender, i.e., that the prior offenses were committed and became final in the proper sequence, we reverse the sentence imposed by the trial court and remand for a new punishment hearing.

## I. BACKGROUND

Appellant committed the charged offense against complainant at her residence on June 13, 2014, by repeatedly hitting and choking her. Appellant had been involved in a dating relationship with complainant for a couple of months before this assault.

Appellant was charged by indictment with the offense of assault of a family member as a second offender, enhanced by two prior felony convictions. The jury found appellant guilty of the charged offense. At the punishment phase to the court, the state re-offered and the trial court admitted all of the evidence admitted during the guilt-innocence phase of the trial. Appellant pleaded "not true" to the enhancement paragraphs. The trial court found the allegations in the indictment's two enhancement paragraphs true and assessed punishment at 25 years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely filed a notice of appeal.

## II. DISCUSSION

### a. Authentication of the Letters

In his first issue, appellant contends that the State did not properly authenticate three letters he purportedly wrote to complainant while he was in jail. Appellant maintains that the trial court erred in admitting the letters into evidence.

### i. Standard of Review and Applicable Law

We review a trial court's ruling on an authentication issue for abuse of discretion. *See Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007). The

2

trial court need not be persuaded beyond all doubt that the proffered evidence is authentic; rather, the key question for admissibility is whether the proponent has supplied facts sufficient to support a reasonable jury determination that the evidence is authentic. *Barfield v. State*, 416 S.W.3d 743, 749 (Tex. App.—Houston [14th Dist.] 2013, no pet.). "If the trial court's ruling that a jury could reasonably find proffered evidence authentic is at least within the zone of reasonable disagreement, a reviewing court should not interfere." *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012) (internal quotations omitted).

Authentication is required for the admissibility of evidence. *Washington v. State*, 485 S.W.3d 633, 640 (Tex. App.—Houston [1st Dist.] 2016, no pet.). To satisfy the requirement of authenticating an item of evidence, the proponent must produce evidence to support a finding that the item is what the proponent claims it is. Tex. R. Evid. 901(a). Evidence, such as the letters at issue here, may be authenticated by "[a] nonexpert's opinion that handwriting is genuine, based on a familiarity with it that was not acquired for the current litigation." *Id.* 901(b)(2). An item's contents or other distinctive characteristics, taken together under all the circumstances, may also satisfy the requirement. *Id.* 901(b)(4).

### ii. Analysis

The State initially proffered three letters purportedly written by appellant after asking complainant a few questions, the answers to which indicated that she knew appellant wrote the letters. For instance, complainant testified that appellant wrote his name on the letters, they contained nicknames appellant called complainant, she was familiar with appellant's handwriting, and the handwriting in question was consistent with appellant's handwriting. Appellant objected on the grounds of improper authentication because the handwriting on each of the letters appeared to be dissimilar. The trial court agreed that the handwriting was

3

dissimilar and permitted the State to lay more foundation.

Complainant testified that she was familiar with appellant's handwriting apart from the proffered letters. Indeed, complainant saw appellant's handwriting every day, and she noted that appellant's handwriting varied from time to time. Complainant recognized appellant's handwriting in each of the three letters. The State again offered the letters into evidence and appellant objected on the same grounds. The trial court overruled appellant's objections and admitted the letters.

Appellant's three handwritten letters were properly authenticated through complainant's testimony here. Complainant was familiar with appellant's handwriting, and her familiarity was not acquired for the current litigation. In response to some concerns that the handwriting seemed to vary from one letter to another, complainant explained that appellant's handwriting varied from time to time. Furthermore, the letters contained unique identifiers, such as the nicknames, and the letters focused on legal matters consistent with the status of appellant's legal predicament.[1] *See id.*; *see also Druery*, 225 S.W.3d at 502–03 (holding letter purported to be from inmate contained information that inmate likely would have possessed and was sufficient to authenticate letter absent tampering or other fraud). The trial court did not abuse its discretion by impliedly concluding that the State had supplied facts sufficient to support a reasonable jury's determination that the evidence was authentic. *See Barfield*, 416 S.W.3d at 749–50. Accordingly, we overrule appellant's first issue.

### b. Sequence of Prior Convictions in the Enhancement Paragraphs

In his second issue, appellant contends he is entitled to a new trial on punishment because the evidence is insufficient to sustain a finding of true to the

---

[1] In the letters, appellant encouraged complainant to drop the charges against appellant and to provide a false story about her injuries.

punishment enhancement paragraphs. Specifically, he argues that the State failed to prove the proper sequence of the offenses identified in the two enhancement paragraphs.

### i. Standard of Review and Applicable Law

"In reviewing legal sufficiency of the evidence in the punishment phase, we view the evidence in a light most favorable to the trial court's ruling and determine whether any rational trier of fact could make the finding beyond a reasonable doubt." *Mikel v. State*, 167 S.W.3d 556, 560 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

An individual found guilty of an unenhanced third-degree felony cannot be sentenced to more than ten years' imprisonment in the Texas Department of Criminal Justice. Tex. Pen. Code § 12.34(a) (West 2015). However, if it is shown on the trial of a felony offense "that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final," then the punishment range is 25 to 99 years. *Id.* § 12.42(d) (West 2015). To properly apply this habitual-offender statute to enhance appellant's sentence, the State must have proven:

> (1) the first conviction became final; (2) the offense leading to a later conviction was committed; (3) the later conviction became final; and (4) the defendant subsequently committed the offense for which he presently stands accused.

*Hopkins v. State*, 487 S.W.3d 583, 586 (Tex. Crim. App. 2016); *Roberson v. State*, 420 S.W.3d 832, 839 (Tex. Crim. App. 2013); *Jordan v. State*, 256 S.W.3d 286, 290–91 (Tex. Crim. App. 2008). When there is no evidence to show that the offenses were committed and became final in the proper sequence, the defendant's

sentence may not be enhanced under section 12.42(d). *Roberson*, 420 S.W.3d at 839–40. If there is no evidence proving that the offenses were committed and became final in the proper sequence, then we must reverse the assessment of punishment and remand for a new punishment hearing, without conducting any harm analysis. *See Jordan*, 256 S.W.3d at 290–93. However, if a defendant pleads true to an enhancement paragraph, that relieves the State of its evidentiary burden to prove the enhancement allegations, unless the record affirmatively reflects that the enhancements were improper. *See Hopkins*, 487 S.W.3d at 586.

### ii. Analysis

Here, appellant entered a plea of "not true" to the enhancement paragraphs and accordingly, the State was not relieved of its burden to prove the enhancement allegations. *See Hopkins*, 487 S.W.3d at 586. At the punishment hearing, the State re-offered all evidence from the guilt/innocence portion of trial and Exhibit 23, Stipulation of Evidence. The only evidence admitted regarding the enhancement paragraphs was appellant's stipulation that:

- On December 18, 2006 in the 351st District Court of Harris County, Texas, in Cause Number 1093428, the Defendant was finally convicted of the felony offense of Assault Bodily Injury-Family Member.

- On February 10, 2010 in the 339th District Court of Harris County, Texas, in Cause Number 1232011, the Defendant was finally convicted of the felony offense of Aggravated Assault with a Deadly Weapon.

The State argues that it may prove a prior enhancement offense by either a defendant's judicial admission or by his stipulation. During the sentencing hearing, the State cited *Bryant v. State*, 187 S.W.3d 397, 400 (Tex. 2005), in support of its argument that the stipulation was sufficient to prove the prior offenses. In *Bryant*, a stipulation was a substitute for evidence and had the effect of relieving one party of

6

the burden of proving the facts stipulated to and barred the other party from challenging the truth of the matters covered by the stipulation. Here, appellant stipulated that he was finally convicted of the two prior offenses. However, the stipulation does not list the requisite sequence in which the prior offenses were committed. Although the indictment lists the proper sequencing, appellant did not plead true to the indictment. *Bryant* is therefore inapposite here. The State's reliance on *Flowers v. State*, 220 S.W.3d 919, 922 (Tex. Crim. App. 2007), fails for the same reason articulated above. Furthermore, the issue in *Flowers* was whether a computer printout or functional equivalent of a judgment and sentence constituted sufficient proof of a valid, final conviction. Whereas here, the specific issue is whether there is sufficient evidence to prove the *sequenc*e in which the *offenses* were committed. *See Jordan*, 256 S.W.3d at 291 (listing the proper sequence required to prove the enhancement offenses).

Although appellant stipulated to the finality of his prior convictions, the stipulation fails to mention when the offenses were committed. Under precedent from the Court of Criminal Appeals, without any proof as to when appellant committed the aggravated-assault-with-a-deadly-weapon offense, we cannot presume that he committed this offense after December 18, 2006, simply based on the sequence of final convictions. *See id.* at 289, 293. Therefore, there was *no* evidence presented on the sequence in which the prior offenses were committed. *See Roberson*, 420 S.W.3d at 839–40; *Jordan*, 256 S.W.3d at 289, 293. The evidence is insufficient to support a finding of "true" to the enhancement paragraphs as a matter of law, and this court must reverse the punishment portion of the trial court's judgment and remand for a new punishment hearing, without conducting any harm analysis. *Roberson*, 420 S.W.3d at 839–40; *Jordan*, 256 S.W.3d at 289–93.

Accordingly, we sustain appellant's second issue, reverse the punishment portion of the trial court's judgment, and remand to the trial court for a new punishment hearing. *See* Tex. Crim. Proc. Code art. 44.29(b) (West 2015); *Roberson*, 420 S.W.3d at 839–40; *Jordan*, 256 S.W.3d at 289–93.

### III. CONCLUSION

The trial court did not err in admitting the three letters into evidence. Because the evidence is legally insufficient to support a finding of "true" to the enhancement paragraphs, we reverse the punishment portion of the trial court's judgment and remand for a new punishment hearing.


/s/ Marc W. Brown
   Justice


Panel consists of Chief Justice Frost, and Justices McCally and Brown.
Publish — Tex. R. App. P. 47.2(b).