# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00515-CR

**Daniel Camarillo Garcia, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT NO. C-15-0944-SA, THE HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Daniel Camarillo Garcia pled guilty to the offense of felony driving while intoxicated, *see* Tex. Penal Code §§ 49.04(a), 49.09(b), and the trial court assessed his punishment at confinement for 30 years in the Texas Department of Criminal Justice pursuant to the habitual offender punishment provision of the Penal Code, *see id.* § 12.42(d). In a single point of error, appellant complains about the admission of punishment evidence and challenges the sufficiency of the evidence supporting his enhanced punishment. We affirm the judgment of conviction.

## BACKGROUND

Paragraph One of the indictment in this case charged appellant with driving while intoxicated on or about September 12, 2015, and alleged, for purposes of elevating the instant offense to felony driving while intoxicated, two prior felony DWI convictions:

PARAGRAPH ONE

The Grand Jurors for the County of Tom Green, State of Texas, duly selected, impaneled, sworn, charged and organized as such at the July Term 2015, of the 51ST District Court of said County, upon their oaths present in and to said Court, that DANIEL CAMARILLO GARCIA, Defendant on or about the 12th day of September, 2015, and before the presentment of this indictment, in said County and State, did then and there operate a motor vehicle in a public place in said county and state while the said Defendant was intoxicated;

And it is further presented in and to said Court that, prior to the commission of the aforesaid offense, on the 20th day of August, 1997, in Cause No. B-96-0839-S in the 119th District Court of Tom Green County, Texas, the Defendant was convicted of an offense relating to the operating of a motor vehicle while intoxicated, and on the 14th day of July, 1993, in Cause No. CR93-0327-A in the 51st Judicial District Court of Tom Green County, Texas, the Defendant was convicted of an offense relating to the operating of a motor vehicle while intoxicated[.]

See id. §§ 49.04(a), 49.09(b). Paragraphs Two and Three of the indictment alleged additional

sequential prior felony DWI convictions for the purpose of enhancing appellant's punishment to that

of a habitual offender:

PARAGRAPH TWO

And, the Grand Jurors upon their oaths further present that prior to the commission of the offense in paragraph one, DANIEL CAMARILLO GARCIA AKA DANIEL GARCIA, on the 28th day of May, 2010, in the 119TH District Court of Tom Green County, Texas, in Cause Number B-09-0902-SB styled THE STATE OF TEXAS vs. DANIEL CAMARILLO GARCIA AKA DANIEL GARCIA, was legally and finally convicted of Driving While Intoxicated 3rd or More, a third degree felony, upon a charging instrument then pending in that Court and of which that Court had jurisdiction;

PARAGRAPH THREE

And it is further presented that, prior to the commission of the offenses in paragraphs one and two, DANIEL CAMARILLO GARCIA AKA DANIEL GARCIA, on the 14th day of September, 2005, in the 119T[H] Judicial District Court of Tom Green

2

County, Texas, in Cause Number B-05-0830-S styled THE STATE OF TEXAS vs. DANIEL GARCIA, was legally and finally convicted of Driving While Intoxicated with two prior convictions for driving while intoxicated, a third degree felony, upon a charging instrument then pending in that Court and of which that Court had jurisdiction[.]

*See id.* § 12.42(d).

In an open plea to the court, appellant pled guilty to felony DWI as charged in Paragraph One but not true to the allegations charging prior felony DWI convictions in Paragraphs Two and Three, so the State assumed the burden of proof. The State's supporting evidence for proof of the enhancement allegations included two penitentiary packets or "pen packets,"[1] admitted as State's Exhibits 2 and 3, a waiver and stipulation of evidence, admitted as State's Exhibit 4, a judgment of conviction, admitted as State's Exhibit 5, and a judgment of conviction and a waiver of stipulation of evidence, admitted as State's Exhibit 6.

State's Exhibit 2 consists of the affidavit of the Chairman of Classification and Records for the Texas Department of Criminal Justice–Correctional Institutions Division certifying the pen packet under the seal of the State of Texas;[2] a page bearing photographs of the inmate; an order revoking probation; a judgment of conviction; and a fingerprint card with the inmate's

[1] A "pen packet" is a document compiled by a prison official based on other primary documentation received from the clerk of the convicting court. *See Flowers v. State*, 220 S.W.3d 919, 923, n.14 (Tex. Crim. App. 2007); *Luera v. State*, No. 07-14-00111-CR, 2015 WL 5559905, at *3 n.5 (Tex. App.—Amarillo Sept. 16, 2015, pet. ref'd) (mem. op., not designated for publication).

[2] The chairman's affidavit in the pen packet refers to "the attached information provided on inmate Garcia, Daniel, TDCJ/BPP# 078027 Cause # CR-90-0025-A, CR93-0327-A," and states that the documents "are true and correct copies of the original records now on file in my office maintained in the regular course of business within the Bureau of Classification and Records of the Texas Department of Criminal Justice–Correctional Institutions Division."

signature. The judgment in the pen packet reflects one of the DWI convictions the State relied on for elevating the instant offense to a felony: from the 51st Judicial District Court of Tom Green County, Texas, bearing cause number CR93-0327-A, and styled "The State of Texas vs. Daniel Camarillo Garcia." The judgment reflects that the defendant was convicted on July 14, 1993, of the offense of felony DWI committed on March 28, 1993, and sentenced to five years in prison.[3]

State's Exhibit 3 consists of the affidavit of the Chairman of Classification and Records for the Texas Department of Criminal Justice–Correctional Institutions Division certifying the pen packet under the seal of the State of Texas;[4] a page bearing photographs of the inmate identified by the name "Daniel Camarillo Garcia" and an ID number of 875782; a judgment of conviction; and a fingerprint card with the inmate's signature. The judgment in this pen packet reflects the other DWI conviction the State relied on for elevating the instant offense to a felony: from the 119th Judicial District Court of Tom Green County, Texas, bearing cause number B-96-0839-S, and styled "The State of Texas vs. Daniel Camarillo Garcia." The judgment reflects that the defendant was convicted on August 20, 1997, of the offense of felony DWI committed on October 10, 1996, and sentenced to ten years in prison.

---

[3] The pen packet also contains an order revoking probation from the 51st Judicial District Court of Tom Green County, Texas, bearing cause number CR90-0325-A, and styled "The State of Texas vs. Daniel Camarillo Garcia." The order reflects that the defendant was convicted on July 14, 1993, of the offense of felony DWI committed on November 15, 1989, and sentenced to five years in prison. That prior conviction is not relevant to appellant's sufficiency challenge.

[4] The chairman's affidavit in this pen packet refers to "the attached information provided on inmate Garcia, Daniel, TDCJ/BPP# 875782 Cause # B-96-0839-S," and states that the documents "are true and correct copies of the original records now on file in my office maintained in the regular course of business within the Bureau of Classification and Records of the Texas Department of Criminal Justice–Correctional Institutions Division."

4

State's Exhibit 4 is a document certified by the district clerk of Tom Green County, Texas, entitled *Waiver and Stipulation of Evidence,* in a case styled "The State of Texas vs. Daniel Garcia," bearing cause number B-05-0830-S. The document is signed by "Daniel C. Garcia" and contains a judicial confession to committing the offense of felony DWI on April 5, 2005, in Tom Green County, Texas, and a stipulation to two prior DWI convictions, elevating the offense to a felony: a DWI conviction on August 20, 1997, in the 119th Judicial District Court of Tom Green County, Texas, in cause number B-96-0839-S and a DWI conviction on July 14, 1993, in the 51st Judicial District Court of Tom Green County, Texas, in cause number CR93-0327-A.

State's Exhibit 5 is a judgment from the 119th Judicial District Court of Tom Green County, Texas, bearing cause number B-05-0830-S, and styled "The State of Texas vs. Daniel Garcia." The judgment reflects that the defendant was convicted of the offense of felony DWI on September 14, 2005, for an offense committed on April 5, 2005, and sentenced to four years in prison. The fourth page of the exhibit is an attachment to the judgment, bearing cause number B-05-0830-S, and listing the defendant's name in the style of the case as "Daniel Camarillo Garcia" with "Garcia, Danny" underneath. On that page appears a handwritten date of "9-14-05" and a fingerprint designated as the defendant's right thumb fingerprint.

State's Exhibit 6 is a judgment from the 119th Judicial District Court of Tom Green County, Texas, bearing cause number B-09-0902-SB, and styled "The State of Texas vs. Daniel Camarillo Garcia AKA Daniel Garcia." The judgment reflects that the defendant was convicted of the offense of felony DWI on May 28, 2010, for an offense committed on August 4, 2009, and sentenced to ten years in prison. The third page of the exhibit is an attachment

to the judgment, bearing cause number B-09-0902-SB, and listing the defendant's name in the style of the case as "Daniel Camarillo Garcia" with "Garcia, Danny" underneath. On that page appears a handwritten date of "5-28-10" and a fingerprint designated as the defendant's right thumb fingerprint. The fifth page of the exhibit is a document entitled *Waiver and Stipulation of Evidence*, bearing cause number B-09-0902-SB. The document is signed by "Daniel Garcia" and contains a judicial confession to committing the offense of felony DWI on August 4, 2009, in Tom Green County, Texas, and a stipulation to two prior DWI convictions, elevating the offense to a felony: a DWI conviction on August 20, 1997, in the 119th Judicial District Court of Tom Green County, Texas in cause number B-96-0839-S and a DWI conviction on July 14, 1993, in the 51st Judicial District Court of Tom Green County, Texas in cause number CR93-0327-A.

## DISCUSSION

In a single point of error, appellant argues that the trial court erred in admitting State's Exhibits 2, 3, 4, 5, and 6—the documents used to prove up the prior felony DWI convictions alleged in the enhancement paragraphs of the indictment—because the exhibits were not properly authenticated. Appellant further argues that the exhibits did not sufficiently link him to the prior felony DWI convictions alleged and, therefore, the evidence was insufficient to support his enhanced punishment as a habitual offender.[5]

---

[5] Appellant conflates his authentication complaint and his sufficiency claim in his argument; we address them separately in this opinion.

## Authentication

Authentication of evidence is a condition precedent to its admissibility. *See* Tex. R. Evid. 901(a); *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012); *Turnbull v. State*, No. 03-11-00118-CR, 2013 WL 5925543, at *2 (Tex. App.—Austin Oct. 24, 2013, pet. ref'd) (mem. op., not designated for publication). The proponent of the evidence must "make a threshold showing that would be 'sufficient to support a finding that the matter in question is what its proponent claims.'" *Tienda*, 358 S.W.3d at 638 (quoting Tex. R. Evid. 901(a)); *Reed v. State*, 811 S.W.2d 582, 586 (Tex. Crim. App. 1991); *see also Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007).

Rule of Evidence 901 "does not erect a particularly high hurdle, and that hurdle may be cleared by circumstantial evidence." *Campbell v. State*, 382 S.W.3d 545, 549 (Tex. App.—Austin 2012, no pet.) (quoting Peter T. Hoffman, *Texas Rules of Evidence Handbook*, Article IX at 948 (8th ed. 2008–09)); *see Sears v. State*, No. 09-15-00161-CR, 2017 WL 444366, at *15 (Tex. App.—Beaumont Jan. 31, 2017, pet. filed) (mem. op., not designated for publication); *Turnbull*, 2013 WL 5925543, at *2. The proponent of the evidence does not need "to rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be." *Campbell*, 382 S.W.3d at 549; *see Sears*, 2017 WL 444366, at *15; *Turnbull*, 2013 WL 5925543, at *2. The proponent must only produce sufficient evidence that a reasonable fact finder could properly find genuineness. *Tienda*, 358 S.W.3d at 638; *Turnbull*, 2013 WL 5925543, at *2.

Rules of Evidence 901 and 902 govern the authentication requirement. Rule of Evidence 901(b) provides an illustrative, though not exhaustive, list of examples of extrinsic

evidence that satisfies the requirement of authentication. *See* Tex. R. Evid. 901(b)(1)–(10); *Reed*, 811 S.W.2d at 586. Rule 902 identifies certain evidence as self-authenticating and dispenses with Rule 901's requirement of extrinsic evidence of authenticity for that evidence. *See* Tex. R. Evid. 902(1)–(10). A document may be authenticated under either Texas Rule of Evidence 901 or 902 and need not be authenticated under both. *See Reed*, 811 S.W.2d at 586; *Haas v. State*, 494 S.W.3d 819, 823 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

We review a trial court's decision to admit evidence over an authentication objection for an abuse of discretion. *Tienda*, 358 S.W.3d at 638; *Hunter v. State*, 513 S.W.3d 638, 640 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *Turnbull*, 2013 WL 5925543, at *3; *see Druery*, 225 S.W.3d at 502. If the trial court's ruling is at least within the zone of reasonable disagreement, we will not interfere. *Tienda*, 358 S.W.3d at 638; *Hunter*, 513 S.W.3d at 640; *Turnbull*, 2013 WL 5925543, at *3.

*State's Exhibits 2 and 3*

To preserve error, a party must timely object and state the grounds for the objection with enough specificity to make the trial judge aware of the complaint, unless the specific grounds were apparent from the context. Tex. R. App. P. 33.1(a)(1)(A); *see Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016); *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014). The objection must be sufficiently clear to give the judge and opposing counsel an opportunity to address and, if necessary, correct the purported error. *Thomas*, 505 S.W.3d at 924; *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009); *see Smith v. State*, 499 S.W.3d 1, 7–8 (Tex. Crim. App. 2016) ("There are two main purposes behind requiring a timely and specific objection. First,

8

the judge needs to be sufficiently informed of the basis of the objection and at a time when he has the chance to rule on the issue at hand. Second, opposing counsel must have the chance to remove the objection or provide other testimony."). If a trial objection does not comport with arguments on appeal, error has not been preserved. *Thomas*, 505 S.W.3d at 924; *Goff v. State*, 931 S.W.2d 537, 551 (Tex. Crim. App. 1996); *see also Yazdchi*, 428 S.W.3d at 844.

At trial, appellant objected to State's Exhibits 2 and 3, the pen packets, asserting that "the State has not filed these affidavits with the Court, fourteen-day rule." Thus, it appears that concerning the authentication of the pen packets, appellant complained that the State did not comply with the notice requirements of Rule of Evidence 902(10), which governs the self-authentication of business records through an affidavit. However, on appeal, appellant complains that the pen packets were not properly authenticated under Rule of Evidence 902(4), which governs the self-authentication of certified public records. Thus, appellant's complaint about the admission of State's Exhibits 2 and 3 was not properly preserved for appellate review.[6]

---

[6] We note that prior to 2014, one pursuing self-authentication of business records under Rule 902(10) was obligated to file the records and affidavit with the court clerk at least 14 days before trial and notify the other parties of the filing. *See* former Tex. R. Evid. 902(10). However, the rule was amended to remove the requirement that the records be filed with the trial court and, effective September 1, 2014, the rule requires only that the proponent of the business records serve the records and the accompanying affidavit on the opposing party at least 14 days prior to trial. *See* Act of May 17, 2013, 83d Leg., R.S., ch. 560, § 3, 2013 Tex. Gen. Laws 1507, 1508; *see also* Final Approval of Amendments to Texas Rule of Evidence 902, 2014 TEXAS COURT ORDER 0012 (C.O. 0012). Thus, at the time of the punishment hearing in this case, the State was not required to file the affidavit and records with the court.

Moreover, even assuming that appellant's trial objection to improper self-authentication of business records pursuant to Rule 902(10) sufficed to preserve his appellate complaint about the failure to properly self-authenticate public records under Rule 902(4), but *see Guaderrama v. State*, No. 02-14-00500-CR, 2016 WL 828325, at *4 (Tex. App.—Fort Worth Mar. 3, 2016, no pet.) (mem. op., not designated for publication) (concluding that general authentication objection at trial was "improper authentication objection" and inadequate to preserve complaint on appeal), the trial court did not abuse its discretion in admitting State's Exhibits 2 and 3.

By statute, certified penitentiary packets are self-authenticated. *See* Tex. Code Crim. Proc. art. 42.09, § 8(b).[7] Further, pen packets are admissible to show a defendant's prior criminal record if they comply with either Rule of Evidence 901 or 902. *Reed*, 811 S.W.2d at 586. The Court of Criminal Appeals has explicitly held that the certification of a pen packet by the record clerk of the Texas Department of Criminal Justice, Institutional Division (TDCJID) is proper authentication under Rule of Evidence 901, *see id.* at 587 ("[T]he TDCJID record clerk's certification of the pen packet copies of the judgment and sentence constitutes sufficient extrinsic evidence [under Rule 901] that the copies are authentic."), as well as under Rule 902(4), *see id.* at 586 ("[W]e therefore hold

---

[7] Specifically, section 8(b) of article 42.09 of the Code of Criminal Procedure provides:

The Texas Department of Criminal Justice shall not take a defendant into custody under this article until the designated officer receives the documents required by Subsections (a) and (c) of this section. The designated officer shall certify under the seal of the department the documents received under Subsections (a) and (c) of this section. *A document certified under this subsection is self-authenticated for the purposes of Rules 901 and 902, Texas Rules of Evidence.*

Tex. Code Crim. Proc. art. 42.09, § 8(b) (emphasis added).

10

that the TDCJID record clerk's certification of the pen packet copies of the judgment and sentence constitutes proper authentication in accordance with Rule 902(4) of the Texas Rules of Criminal Evidence.").

In the instant case, both State's Exhibits 2 and 3 include the affidavit of the Chairman of Classification and Records at TDCJID, in which he certified that the pen packet contained "true and correct copies of the original records" that were on file in his office and maintained in the regular course of business. The affidavit bears the seal of the State of Texas. This certification provides sufficient evidence to support a finding that State's Exhibits 2 and 3 are what the State claimed them to be, and thus the pen packets were properly authenticated.[8] The trial court did not abuse its discretion in admitting State's Exhibits 2 and 3.

---

[8] Appellant also argues in his brief that, notwithstanding the certification of the records clerk, the pen packets were still not properly authenticated because the affidavits were executed on July 25, 2005. He asserts that the time lapse between the certification and trial renders the certification "stale." However, appellant did not complain about the "staleness" of the pen packets at trial, and therefore has not preserved this complaint for appellate review. *See* Tex. R. App. P. 33.1(a); *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016); *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014). Moreover, the staleness rule is concerned with facts asserted in a probable cause affidavit and whether items to be searched and seized will probably be in a designated place at the time of the proposed search. *See Rowell v. State*, 14 S.W.3d 806, 809 (Tex. App.—Houston [1st Dist.] 2000), *aff'd*, 66 S.W.3d 279 (Tex. Crim. App. 2001); *see also Crider v. State*, 352 S.W.3d 704, 707–08 (Tex. Crim. App. 2011) (discussing staleness concern and observing, "The hare and the tortoise do not disappear over the hill at the same speed. The likelihood that the evidence sought is still available and in the same place is a function, not just of the watch or the calendar, but of the particular variables in the case."). Probable cause affidavits address the existence of transient evidence whereas the attestation of the TDCJID records clerk addresses records maintained in the course of official business. The concept of staleness is not applicable to the affidavit of a custodian of records certifying the correctness of the permanent records maintained.

11

*State's Exhibits 4, 5, and 6*

State's Exhibits 4, 5, and 6 are certified copies of the records of the Tom Green County district clerk. Each exhibit has been certified by a Tom Green County deputy district clerk that the record is a "true and correct" copy of the original record on file in the district clerk's office. Thus, these exhibits are self-authenticating under Rule 902(4)(A).[9] *See* Tex. R. Evid. 902(4)(A) (copy of official record with certification as to its accuracy by custodian or other authorized person is self-authenticating); *see also* Tex. R. Evid. 902(1) (public documents under seal with attestation signature are self-authenticating); *see, e.g.*, *Allen v. State*, No. 01-13-00784-CR, 2015 WL 5076288, at *11 (Tex. App.—Houston [1st Dist.] Aug. 27, 2015, pet. ref'd) (mem. op., not designated for publication) (copies of convicting court's records with certification of Orleans Parish deputy clerk were self-authenticating); *Martinez v. State*, No. 08-06-00107-CR, 2008 WL 1903488, at *2 (Tex. App.—El Paso Apr. 30, 2008, no pet.) (not designated for publication) (records of prior conviction from convicting court containing certification from Bexar County clerk's office were self-authenticating). Thus, the trial court did not abuse its discretion in admitting State's Exhibits 4, 5, and 6.

**Sufficiency**

Appellant further claims that State's Exhibits 2, 3, 4, 5, and 6 do not sufficiently link him to the prior felony DWI convictions alleged in the enhancement paragraphs. Thus, he maintains,

---

[9] In fact, appellant appears to concede such in his brief, stating that State's Exhibits 4 and 5 "appear[] to be properly authenticated[.]" He does not address or discuss the authenticity of State's Exhibit 6.

12

the evidence was insufficient to enhance his punishment and he was improperly punished as a habitual offender.

In order "to establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction." *Henry v. State*, 509 S.W.3d 915, 918 (Tex. Crim. App. 2016) (quoting *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007)). "No specific document or mode of proof is required to prove these two elements." *Id.* Any type of evidence, documentary or testimonial, might suffice. *Flowers*, 220 S.W.3d at 922. The State may prove both of these elements in a number of ways, including documentary proof that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. *Id.* at 921–22. For example, the State may introduce documents, admissions or stipulations, or testimonial evidence sufficient to prove that the defendant was convicted of the offenses alleged in an enhancement allegation. *Henry*, 509 S.W.3d at 918; *Wood v. State*, 486 S.W.3d 583, 588 (Tex. Crim. App. 2016); *Flowers*, 220 S.W.3d at 921–22.

In determining whether the enhancement allegations are true, the trier of fact must look at the totality of the evidence adduced. *Henry*, 509 S.W.3d at 919; *Wood*, 486 S.W.3d at 589. The Court of Criminal Appeals has observed:

> [O]rdinarily the proof that is adduced to establish that the defendant on trial is one and the same person that is named in an alleged prior criminal conviction or convictions closely resembles a jigsaw puzzle. The pieces standing alone usually have little meaning. However, when the pieces are fitted together, they usually form the picture of the person who committed that alleged prior conviction or convictions.

13

*Flowers*, 220 S.W.3d at 923 (quoting *Human v. State*, 749 S.W.2d 832, 835–36 (Tex. Crim. App. 1988)); *see Henry*, 509 S.W.3d at 919; *Wood*, 486 S.W.3d at 589–90.  "The trier of fact fits the pieces of the jigsaw puzzle together and weighs the credibility of each piece."  *Flowers*, 220 S.W.3d at 923; *see Henry*, 509 S.W.3d at 919; *Wood*, 486 S.W.3d at 589–90.  The high court explained,

> Regardless of the type of evidentiary puzzle pieces the State offers to establish the existence of a prior conviction and its link to a specific defendant, the trier of fact determines if these pieces fit together sufficiently to complete the puzzle.  The trier of fact looks at the totality of the evidence admitted to determine 1) whether there was a previous conviction, and 2) whether the defendant was the person convicted.  If these two elements can be found beyond a reasonable doubt, then the various pieces used to complete the puzzle are necessarily legally sufficient to prove a prior conviction.

*Flowers*, 220 S.W.3d at 923; *see Wood*, 486 S.W.3d at 589–90.  The factfinder must consider the evidence as a whole, as each piece of evidence may provide little meaning if considered in isolation. *Henry*, 509 S.W.3d at 919; *see Wood*, 486 S.W.3d at 589; *Flowers*, 220 S.W.3d at 923.

The puzzle pieces before the trial court in this case included: two penitentiary packets (State's Exhibits 2 and 3), a stipulation of evidence and judgment of conviction (State's Exhibits 4 and 5), a judgment of conviction and a stipulation of evidence (State's Exhibit 6), and the stipulation of evidence in support of appellant's guilty plea to the instant offense.

The documents in State's Exhibit 2 show that "Daniel Camarillo Garcia," a white male with a date of birth of May 25, 1964, and identification numbers TDCJ/BPP# 078027 and DPS No. 02929770, was convicted of felony DWI on July 14, 1993 in the 51st Judicial District Court of Tom Green County, Texas, in cause number CR93-0327-A, for an offense committed on

14

March 28, 1993. The fingerprint card in State's Exhibit 2 has the signature of the convicted person, "Daniel C. Garcia."

The documents in State's Exhibit 3 show that "Daniel Camarillo Garcia," a white male with a date of birth of May 25, 1964 and identification numbers TDCJ/BPP# 875782 and DPS No. 02928770, was convicted of felony DWI on August 20, 1997 in the 119th Judicial District Court of Tom Green County, Texas, in cause number B-96-0839-S, for an offense committed on October 10, 1993. The fingerprint card in State's Exhibit 3 has the signature of the convicted person, "Daniel Camarillo Garcia," and contains a reference to the offender's parole violation in BPP# 078027.

Thus, State's Exhibits 2 and 3 reflect that a person with the same first name, middle name, last name, gender, race, date of birth, and one identification number[10] was convicted of the elevating DWI convictions listed in the indictment: a felony DWI conviction on July 14, 1993, in cause number CR93-0327-A in the 51st Judicial District Court of Tom Green County, Texas and a felony DWI conviction on August 20, 1997, in cause number B-96-0839-S in the 119th Judicial District Court of Tom Green County, Texas.

State's Exhibit 4, a *Waiver and Stipulation of Evidence* in cause number B-05-0830-S, signed by "Daniel C. Garcia" on September 14, 2005, reflects that in the 119th Judicial District Court of Tom Green County, Texas, "Daniel Garcia" judicially confessed to committing the offense of felony DWI on or about April 5, 2005 in Tom Green County, Texas, and further stipulated

---

[10] The BPP identification number reflected in each pen packet is identical. We note that the DPS identification number is off by only one digit.

15

that he was previously convicted of felony DWI on August 20, 1997, in the 119th Judicial District Court of Tom Green County, Texas, in cause number B-96-0839-S, and on July 14, 1993, in the 51st Judicial District Court of Tom Green County, Texas, in cause number CR-93-0327-A.

State's Exhibit 5, a judgment of conviction upon a guilty plea, shows that "Daniel Garcia" was convicted of felony DWI on September 14, 2005, in the 119th Judicial District Court of Tom Green County, Texas, in cause number B-05-0830-S, for an offense committed on April 5, 2005. The fingerprint page of State's Exhibit 5 reflects that the right thumb print of "Daniel Camarillo Garcia" was taken on September 14, 2005.

Thus, State's Exhibits 4 and 5, taken together, reflect that the person named "Daniel Garcia" who was convicted of felony DWI on September 14, 2005, in the 119th Judicial District Court of Tom Green County, Texas, in cause number B-05-0830-S, for an offense committed on April 5, 2005, was also convicted of felony DWI on July 14, 1993, in cause number CR93-0327-A in the 51st Judicial District Court of Tom Green County, Texas and felony DWI on August 20, 1997, in cause number B-96-0839-S in the 119th Judicial District Court of Tom Green County, Texas.

The documents in State's Exhibit 6 include a judgment showing that "Daniel Camarillo Garcia AKA Daniel Garcia" was convicted of felony DWI on May 28, 2010 in the 119th Judicial District Court of Tom Green County, Texas, in cause number B-09-0902-S, for an offense committed on August 4, 2009. The exhibit also contains a *Waiver and Stipulation of Evidence* signed by "Daniel Garcia" on May 28, 2010, which reflects that "Daniel Garcia" judicially confessed to committing the offense of felony DWI on or about April 4, 2009 in Tom Green County, Texas, and further stipulated that he was previously convicted of felony DWI on August 20, 1997,

16

in the 119th Judicial District Court of Tom Green County, Texas, in cause number B-96-0839-S, and on July 14, 1993, in the 51st Judicial District Court of Tom Green County, Texas, in cause number CR93-0327-A.

Thus, State's Exhibit 6 reflects that the person named "Daniel Camarillo Garcia AKA Daniel Garcia" who was convicted of felony DWI on May 28, 2010, was also convicted of felony DWI on July 14, 1993, in cause number CR93-0327-A in the 51st Judicial District Court of Tom Green County, Texas and felony DWI on August 20, 1997, in cause number B-96-0839-S in the 119th Judicial District Court of Tom Green County, Texas.

Finally, in the instant case, styled "The State of Texas vs. Daniel Camarillo Garcia," appellant pled guilty to felony DWI as charged in Paragraph One of the indictment and signed a *Wavier and Stipulation of Evidence*. The stipulation was admitted into evidence at the plea hearing, without objection, and reflects that appellant has a date of birth of May 25, 1964, and an identification number of SID# TX 02928770. In the stipulation, appellant judicially confessed to committing the offense of felony DWI on or about September 12, 2015, in Tom Green County, Texas, and further stipulated that he had been previously convicted of felony DWI on August 20, 1997, in the 119th Judicial District Court of Tom Green County, Texas, in cause number B-96-0839-S, and on July 14, 1993, in the 51st Judicial District Court of Tom Green County, Texas, in cause number CR93-0327-A.

Taken together, these documents reflect that the same person who was convicted of felony DWI on July 14, 1993, in cause number CR93-0327-A in the 51st Judicial District Court of Tom Green County, Texas and felony DWI on August 20, 1997, in cause number B-96-0839-S was

17

also convicted of felony DWI on September 14, 2005 in cause number B-05-0830-S in the 119th Judicial District Court of Tom Green County, Texas, and felony DWI on May 28, 2010, in cause number B-09-0902-SB in the 119th Judicial District Court of Tom Green County, Texas. Not only did appellant plead guilty to Paragraph One of the indictment, which included allegations of the 1993 and 1997 prior DWI convictions, appellant judicially confessed and stipulated that he was convicted of felony DWI on July 14, 1993, in cause number CR93-0327-A in the 51st Judicial District Court of Tom Green County, Texas and felony DWI on August 20, 1997, in cause number B-96-0839-S in the 119th Judicial District Court of Tom Green County, Texas. Further, the trial court could compare the similarity of the names and signatures of the defendant—"Daniel Camarillo Garcia," "Daniel C. Garcia," and "Daniel Garcia"—on the various documents in the exhibits. In addition, the pen packets contained photographs that the trial court could compare to appellant as he appeared in open court during the plea proceeding.

Fitting all of the circumstantial evidence pieces together, these punishment exhibits sufficiently linked appellant to the prior convictions such that the trial court could conclude that the totality of the evidence admitted contained sufficient information to establish both the existence of the prior convictions alleged and appellant's identity as the person convicted. Accordingly, the evidence was sufficient to prove the enhancement allegations beyond a reasonable doubt and, therefore, to support appellant's punishment as a habitual offender.

**CONCLUSION**

Having concluded that the trial court did not abuse its discretion by admitting the complained-of punishment exhibits and that sufficient evidence supports appellant's enhanced

18

punishment as a habitual offender, we overrule appellant's sole point of error and affirm the trial court's judgment of conviction.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Pemberton, and Goodwin

Affirmed

Filed:   July 27, 2017

Do Not Publish