

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00371-CR
_____

GILBERT RICHARD ARCHULETA, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 287th District Court
Bailey County, Texas
Trial Court No. 3014; Honorable Gordon H. Green, Presiding

May 9, 2019

## MEMORANDUM OPINION

Before QUINN, CJ., and CAMPBELL and PIRTLE, JJ.

Appellant, Gilbert Richard Archuleta, Jr., was convicted following a jury trial of evading arrest or detention while operating a motor vehicle, enhanced by two prior felony convictions.[1]  Following the punishment hearing, the jury sentenced him to twenty-five

---

[1] *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (West 2016).  An offense under this section is a felony of the third degree.  Appellant's conviction was enhanced by two prior felony convictions to a punishment range of confinement for not more than 99 years or less than 25 years.  *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2018).  The first felony offense alleged was residential burglary committed in New Mexico in 2000 and the second felony offense alleged was burglary committed in Texas in 2008.  Appellant pleaded "true" to the Texas felony enhancement and "not true" to the New Mexico felony enhancement.

years confinement. On appeal, Appellant asserts the State's evidence was insufficient to support (1) his conviction and (2) the enhancement of his range of punishment. We affirm.

BACKGROUND

In August 2017, an indictment was filed alleging that on or about March 31, 2016, Appellant used a motor vehicle to intentionally flee from Heath Edwards, a person Appellant knew was a peace officer who was attempting to lawfully arrest or detain him. In September 2017, a jury trial was held.

The State's evidence at trial established that shortly before midnight on March 31, 2016, Officer Heath Edwards was in full uniform and driving a marked patrol car when he received a call reporting a suspicious vehicle in the area of the Muleshoe Country Club. The vehicle was described as a white van with "$19.95" painted on the side panel.

Officer Edwards spotted a van matching that description as it passed him on the road. After observing that the van did not have operable tail lights, he activated his patrol car's red/blue emergency lights. Rather than pulling over to the curb, the van stopped in the middle of the road. Before Officer Edwards was able to call in the traffic stop, Appellant exited the van and began approaching his patrol car. Officer Edwards immediately pulled his service revolver, stepped out of his car, and ordered Appellant to stop and return to his vehicle. Appellant ignored his commands, commented that he "didn't have time for this shit, [because he had] to find [his] girlfriend," returned to the van, and drove away. At trial, Officer Gladys Ramos, who was also present at the traffic stop, corroborated Officer Edwards's account of the encounter.

Officer Edwards immediately returned to his patrol car and gave pursuit. This time, he activated the patrol car's siren in addition to the red/blue emergency lights. Despite

2

this, Appellant continued driving for approximately three blocks and then, three hundred yards down a dirt road with multiple officers in pursuit. When the van stopped, Officer Edwards again exited his patrol car with his service revolver drawn. Multiple verbal commands were given to Appellant, which he ignored. After approximately eight minutes, Appellant exited the van with his girlfriend in front of him in such a manner that his hands were not visible. Appellant initially ignored Officer Edwards's commands to show his hands, but eventually acquiesced and was taken into custody. In addition to being arrested for evading, Appellant had an outstanding warrant.

On appeal, Appellant contends the evidence is insufficient to support his conviction for evading arrest or detention while operating a motor vehicle because the State failed to prove he had an intent to evade Officer Edwards. He also contends that the State's evidence was insufficient to establish that his prior felony committed in New Mexico was "final." *See* TEX. PENAL CODE ANN. §12.42(d) (West Supp. 2018). As a result, he asserts his sentence is illegal because the establishment of the New Mexico felony increased his minimum punishment range from two years to twenty-five years. *Compare id. with* § 12.42(a)(3). *See Ex parte Pue*, 552 S.W.3d 226, 228 (Tex. Crim. App. 2018) (a sentence that is outside the range of punishment authorized by law is illegal).

STANDARD OF REVIEW—SUFFICIENCY OF THE EVIDENCE

The only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 33 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under that standard, in assessing the sufficiency of the evidence to support a

3

criminal conviction, this court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 912. This standard gives full play to the responsibility of the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).

Furthermore, the trier of fact is the sole judge of the weight of the evidence and credibility of the witnesses; TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979); *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000), and we may not re-evaluate the weight and credibility determinations made by the fact finder. *Febus v. State,* 542 S.W.3d 568, 572 (Tex. Crim. App. 2018). Thus, when the record supports conflicting inferences, we presume the fact finder resolved those conflicts in favor of the the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In reviewing the sufficiency of the evidence, a reviewing court must compare the elements of the offense as defined by a hypothetically correct jury charge to the evidence adduced at trial. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). In our review, we must evaluate all of the evidence in the record, both direct and circumstantial and whether properly or improperly admitted. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

"The duty of the reviewing court is simply to ensure that the evidence presented supports the jury's verdict and that the State has presented a legally sufficient case of the

offense charged." *Queeman*, 520 S.W.3d at 621. "Under this standard, evidence may be legally insufficient when the record contains either no evidence of an essential element, merely a modicum of evidence of one element, or if it conclusively establishes a reasonable doubt." *Britain v. State*, 412 S.W.3d 518, 520 (Tex. Crim. App. 2013) (citing *Jackson*, 443 U.S. at 320).

ISSUE ONE—EVADING ARREST

The elements of evading arrest or detention while using a motor vehicle are (1) intentionally fleeing (2) from a person whom the defendant knows is a peace officer (3) trying to lawfully arrest or detain him, and (4) using a motor vehicle while in flight. *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (West 2016). The identity of the police officer is not an element of the offense. *Riggs v. State*, 482 S.W.3d 270, 276 (Tex. App.—Waco 2015, pet. ref'd). The intentionally fleeing party need only know that a peace officer was trying to lawfully arrest or detain him. *Rodriguez v. State*, 799 S.W.2d 301, 302-03 (Tex. Crim. App. 1990); *Thompson v. State*, 426 S.W.3d 206, 209 ((Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). *See Dancy v. State*, No. 01-16-00145-CR, 2017 Tex. App. LEXIS 64, at *3 (Tex. App.—Houston [1st Dist.] Jan. 5, 2017, no pet.) (mem. op., not designated for publication).

Based on the evidence and reasonable inferences that may be drawn therefrom, the fact finder could have rationally found the essential elements of the offense of evading arrest or detention while operating a motor vehicle beyond a reasonable doubt. Viewing the evidence in a light most favorable to the judgment and deferring as we must to the fact finder's credibility assessments, the proof permitted the jury to find that Appellant fled from Officer Edwards knowing he was a police officer because during the first encounter, Officer Edwards was in full uniform and was standing beside his patrol car with his

5

red/blue emergency lights activated and his service weapon drawn. After Appellant ignored Officer Edwards's commands, he returned to his van and drove away after telling the officer he did not have time for the traffic stop. Officer Edwards then pursued him with activated red/blue emergency lights and siren. Nevertheless, Appellant continued to drive the van for more than three blocks before stopping on a dirt road. *See Fernandez v. State*, No. 07-16-00420-CR, 2017 Tex. App. LEXIS 5315, at *5 (Tex. App.—Amarillo June 12, 2017, pet. ref'd) (mem. op., not designated for publication) ("Proof of the attempt of an officer in a police vehicle to arrest or detain a person generally consists of an officer displaying authority by use of overhead or emergency lights and siren."). *See also Moore v. State*, No. 02-09-00192-CR, 2010 Tex. App. LEXIS 9234, at *20-22 (Tex. App.—Fort Worth Nov. 18, 2010, pet. ref'd) (mem. op., not designated for publication) (that defendant continued to flee after patrol car overhead lights were engaged is sufficient evidence of an offense). "'Fleeing is anything less than prompt compliance with an officer's direction to stop.'" *Fernandez*, 2017 Tex. App. LEXIS 5315, at *5 (quoting *Horne v. State*, 228 S.W.3d 442, 446 (Tex. App.—Texarkana 2007, no pet.)).

Therefore, based upon the record, there was sufficient evidence that Appellant intended to evade Officer Edwards when he pulled away in the van after his first encounter and continued driving more than three blocks without stopping when Officer Edwards was in pursuit with his lights flashing and siren activated. This is particularly so given his comment during his first encounter before driving away, i.e., that "he didn't have time for this shit." *See Moore*, 2010 Tex. App. LEXIS 9234, at *20-22. Appellant's first issue is overruled.

ISSUE TWO—ENHANCEMENT

Section 12.42(d) of the Texas Penal Code states as follows:

> [I]f it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been *finally* convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred *subsequent to the first previous conviction having become final*, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

(Emphasis added).

To properly apply this habitual-offender statute to enhance a defendant's range of punishment, the State must prove: (1) the first conviction became final; (2) the offense leading to the later conviction was committed; (3) the later conviction became final; and (4) the defendant subsequently committed the offense for which he presently stands accused. *See Davy v. State*, 525 S.W.3d 745, 751 (Tex. App.—Amarillo 2017, pet. ref'd). *See also Hunter v. State*, 513 S.W.3d 638, 642 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (citing *Hopkins v. State*, 487 S.W.3d 583, 586 (Tex. Crim. App. 2016)). Further, if there is no affirmative evidence in the record showing a plea of "true" to the enhancement, as here (in part), the State is required to prove these elements beyond a reasonable doubt. *Wood v. State*, 486 S.W.3d 583, 588 (Tex. Crim. App. 2016).

There is no specific manner of proof required to establish an enhancement under the habitual-offender statute. *Id.* The State may introduce documents, admissions or stipulations, or testimonial evidence sufficient to prove that the defendant was convicted of the enhancement. *Id.* The trier of fact is allowed to consider all the evidence from each source to determine whether the State has met its burden to prove the enhancement allegation. *Id.* However, if there is no evidence proving the offenses were committed and

7

became final in the proper sequence, then we must reverse the assessment of punishment and remand for a new punishment hearing, without conducting a harm analysis. *Hunter*, 513 S.W.3d at 642 (citing *Jordan v. State*, 256 S.W.3d 286, 290-93 (Tex. Crim. App. 2008)).

Prima facie proof of a prior conviction is made by introduction of the prior judgment and sentence. *Davy*, 525 S.W.3d at 752. Once the State makes prima facie proof of an enhancement conviction, finality of the conviction is presumed if the record is silent regarding finality. *Id.* (citing *Fletcher v. State*, 214 S.W.3d 5, 8 (Tex. Crim. App. 2007)). In such circumstances, the defendant then assumes the burden of proving the conviction was not final. *Id.*; *Ashley v. State*, 527 S.W.2d 302, 305 (Tex. Crim. App. 1975) ("when a conviction appears to be final on its face, the burden of showing the same to be not final is on the defendant).

Having already found that the evidence was sufficient to establish the primary offense, we also find that the State's evidence was sufficient to establish that the prior felony offense committed in New Mexico in 2000 was "final."[2] In support of both prior convictions, the State introduced "pen packets" including judgments for the convictions alleged.[3] The judgments reflected that the prior convictions were considered felonies under state law, i.e., conviction for residential burglary (third degree felony in New Mexico) and burglary (second degree felony in Texas). Moreover, Detective Cassie Crandell, a fingerprint expert, testified Appellant's fingerprints matched the fingerprints on the "pen packets." In addition, the pen packets contained a photograph of the convicted

---

[2] There was no record evidence that Appellant filed a notice of appeal. *See Davy*, 525 S.W.3d at 752 ("Absent a notice of appeal, a conviction is final on the date the sentence is imposed.").

[3] Typically, a "pen packet" is a certified document containing identifying information such as photographs and fingerprints of an incarcerated individual and any applicable judgments.

defendant.  There was no evidence of any appeal, in either case.  In the absence of any evidence controverting the presumption of finality, we find this evidence sufficient to support the jury's verdict and Appellant's sentence.  *Williams v. State*, 356 S.W.3d 508, 517 (Tex. App.—Texarkana 2011, pet. ref'd).  Appellant's second issue is overruled.

Furthermore, to the extent that Appellant might be asserting that there was a defect in the court's punishment charge because it did not include an application paragraph requiring the jury to find that the September 2000 New Mexico burglary conviction became "final" prior to the commission of the April 2008 Texas burglary conviction, we find he waived that complaint by failing to object to that omission.  *See* TEX. R. APP. P. 33.1(a)(1); TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005).

Additionally, any failure to include a correct application paragraph would have been harmless error because the *Charge on Punishment* did contain a correct abstract statement of the law applicable to double enhancements.  Specifically, the charge provides as follows:

> The State alleges that the defendant was convicted on April 22, 2008, for the felony offense of burglary in Cause No. 2520 in the 287th District Court of Bailey County, Texas, which said conviction had become a final conviction prior to the commission of the offense for which you have just found [the Appellant] guilty.
>
> The State further alleges that the defendant was convicted on September 1, 2000, for the felony offense of residential burglary in Cause No. D-0101-CR-2000-513, in the 1st Judicial District Court, County of Santa Fe, New Mexico, which said conviction *had become a final conviction* prior to the commission of the offense for which you have just found him to be guilty and *prior to the commission of the offense of burglary in Cause No. 2520 in the 287th District Court of Bailey County, Texas.*
>
> You are instructed that if you find beyond a reasonable doubt that this defendant is the same person who was convicted in cases described in the foregoing paragraphs and that such convictions occurred as alleged, then you will find that the allegations are true and so state in your verdict and you will assess punishment at confinement in the Institutional Division of the

9

Texas Department of Criminal Justice for life or for any term of not more than 99 years or less than 25 years.

(Emphasis added). Accordingly, we find that the charge error, if any, was harmless. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005). *See also Vasquez v. State,* 389 S.W.3d 361, 368 (Tex. Crim. App. 2012) (finding charge error regarding the abstract portion of court's charge to be subject to harm analysis).

CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.