Alvin Peter HENRY, Jr., Appellant

v.

The STATE of Texas

NO. PD–0511–15

Court of Criminal Appeals of Texas.

Delivered: December 7, 2016

Rehearing Overruled March 1, 2017

Gary L. Waite, Attorney at Law, Paris, TX, Attorneys for Appellant.

Jeff Shell, Attorney at Law, Rockwall, TX, Attorneys for the State.

## OPINION

Meyers, J., delivered the opinion of the Court in which Johnson, Keasler, Hervey, Alcala, Richardson, Yeary, and Newell, JJ., joined.

A jury convicted Appellant, Alvin Peter Henry Jr., of evading arrest with a motor vehicle. At the punishment stage of trial, the jury found that Henry was previously convicted of two felony offenses, resulting in an enhanced sentence of sixty years' imprisonment. Henry appealed, arguing that the State, during punishment, "failed to prove that he was the same person who had committed the extraneous offenses introduced during punishment, including the two prior felony offenses used to increase his range of punishment." *Henry v. State,* 466 S.W.3d 294, 296 (Tex. App.–Texarkana Apr. 16, 2015, pet. granted). The court of appeals found that the State had adduced sufficient evidence to link Henry to the prior convictions used to enhance his punishment and affirmed the trial court's judgment. *Id.* at 301–302.

Appellant filed a petition for discretionary review to consider whether the State adduced legally sufficient evidence to link Appellant to those alleged prior convictions. We conclude that the evidence adduced by the State was sufficient to prove the enhancement allegations.

## FACTS

In 2014, Appellant was found guilty of evading arrest by motor vehicle with a finding that the vehicle was used as a deadly weapon. The State filed an amended notice of intent to seek an enhanced sentence for Appellant as a habitual offender. It offered two final felony adjudications as support for the enhancement: one in 2002 for aggravated robbery and another in 1989 for aggravated assault. If the enhancement allegations were found "true," the range of punishment for Appellant's offense would be increased to life, or any term between 25 to 99 years.

During the punishment phase, the State offered into evidence the judgments reciting the 1989 conviction for aggravated assault and the 2002 conviction for aggravated robbery. The defense called three witnesses to testify: Dr. David Bell (a psychiatrist who had examined Appellant), Appellant himself, and Appellant's cousin. During cross-examination, the State had three separate exchanges concerning Appellant's prior convictions.

The first was with Dr. Bell:

THE STATE: But he's been to prison for aggravated assault twice—

DR. BELL: Yes.

THE STATE: —and for aggravated robbery once, and for three different family violence assaults or four assaults in the—in the past year or two. He is a violent person, right?

DR. BELL: He has a history of violence, yes.

The second, with Appellant himself:

THE STATE: Well, you've been to prison for aggravated assault, haven't you?

THE DEFENDANT: Yes.

THE STATE: You've been to prison for aggravated robbery, haven't you?

THE DEFENDANT: Yeah.

And the last, with Appellant's cousin, Mr. Dewayne Coleman:

THE STATE: Mr. Coleman, you know that Mr. Henry went to prison in 1989 for aggravated assault, right?

MR. COLEMAN: Right.

THE STATE: And then he went to prison in 2002 for aggravated robbery, right?

MR. COLEMAN: Okay.

At the end of the punishment phase, the jury was presented with the jury charge, which referred to both the 2002 aggravated robbery judgment and the 1989 aggravated assault judgment as being styled "the State of Texas versus Alvin Peter Henry, Jr." The jury ultimately found Appellant guilty of the offense of "Evading Arrest or Detention with a Motor Vehicle with a Deadly Weapon Finding" and that Appellant was the same person who was previously convicted of the aggravated robbery and the aggravated assault offenses. The punishment assessed by the jury was 60 years. The judgment of conviction by the jury shows that Appellant pled "not true" to the enhancement paragraph and that it was found "true."

## COURT OF APPEALS

On appeal, Appellant argued that the evidence adduced by the State was legally insufficient to prove the prior convictions used for enhancement. *Henry*, 466 S.W.3d at 301. Appellant also argued that the State failed to show that he was convicted of the offenses, since Appellant's legal name (Alvin Peter Henry, Jr.) was different from the name reflected in the judgments (Alvin Peter Henry). *Id.* Relying on our case, *Flowers v. State*, 220 S.W.3d 919 (Tex. Crim. App. 2007), the court of appeals stated that in order for the State to use a prior conviction for enhancement purposes, it must prove beyond a reasonable doubt that a prior conviction exists and that the defendant is linked to it. *Id.* The court of appeals determined that a defendant's stipulation to the existence of a prior conviction is sufficient to link the defendant to that conviction and removes the need for the State to prove that the conviction exists. *Id.* It then reasoned that the State was required to prove the enhancements, notwithstanding Appellant's stipulation, because Appellant subsequently pleaded "not true" to the enhancement allegations. *Id.* The court held that the testimony of both Appellant and his cousin Coleman, in tandem, was sufficient to link Appellant to the prior convictions used to enhance his punishment. *Id.*

## ARGUMENTS OF THE PARTIES

### Appellant's Argument

Appellant argues that the State failed to link him to the prior convictions used for enhancement. According to Appellant, the State is required, for enhancement purposes, to prove that a defendant is the same person who was convicted in a prior alleged offense. Furthermore, Appellant notes that our Court has long held that the mere recital of a defendant's name in certified copies of prior judgments is not sufficient to prove that the defendant is the same person convicted in the prior alleged offense. Although Appellant concedes that the State has adequately shown that prior convictions do exist, Appellant argues that it has failed to link Appellant to them. In the case at bar, the State introduced two prior judgments, which contained the following information: the prior offense, the date of the prior offense, and the date of conviction. Appellant contends that he never indicated that he had been convicted of

these offenses. Since Appellant pled "not true," Appellant argues that the burden rested on the State to prove beyond a reasonable doubt that he had been convicted of the prior offenses. Finally, because the prior judgments contain the name "Alvin Peter Henry" and Appellant's name is "Alvin Peter Henry, Jr.," Appellant concludes that the State failed, "facially, to even show that the person convicted in the prior convictions was the same person on trial."

*State's Argument*

The State contends that it did adduce adequate legally sufficient evidence to prove beyond a reasonable doubt that prior convictions existed and that Appellant was linked to those convictions. The State argues that the trier of fact is akin to a person attempting to piece together a puzzle, using the evidence as its puzzle pieces. In completing the puzzle, the trier of fact must consider the totality of the evidence admitted. Texas does not have a "best evidence" rule that requires that "the fact of a prior conviction be proven with any document, much less any specific document." Thus, while the State recognizes that a certified copy of a final judgment may be a preferred means of proving the elements in an enhancement allegation, it contends that it can prove these elements in other ways. The State argues that the discrepancy between Appellant's name and the name in the judgments merely created an issue of fact for the jury to resolve. Given the totality of the evidence, the jury could have reasonably found that the State had proved that the prior convictions did exist and that Appellant was the same person convicted.

## CASELAW

In *Flowers*, we stated that, in order "to establish that a defendant has been con-

victed of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction." *Flowers*, 220 S.W.3d at 921. We further stated that "[n]o specific document or mode of proof is required to prove these two elements." *Id*. While we recognized that "evidence of a certified copy of a final judgment and sentence may be a preferred and convenient means," we also emphasized that the State may use other types of evidence to prove an enhancement. Examples of acceptable evidence include the admission or stipulation of the defendant, testimony by people present at the time of the defendant's conviction and who can identify the defendant as the person convicted, and documentary proof which contains sufficient information to establish that a prior conviction exists and the defendant's identity as the person convicted. *Flowers*, 220 S.W.3d at 921–922.

In *Wood v. State*, we held that the evidence was sufficient to prove the enhancement allegations even though the State cited the incorrect date for the enhancement offense while questioning the defendant at the bench trial. 486 S.W.3d 583, 584 (Tex. Crim. App. 2016). The enhancement paragraph of the indictment alleged a third-degree felony of possession of controlled substances on September 23, 2002. *Id*. at 585. The defendant testified that he had served time in prison for "one drug conviction" and that he served three years of the six-year sentence. *Id*. He didn't remember whether the offense occurred in 2002 but testified that it "was in the 2000s." *Id*. We determined that the trial court could reasonably conclude that the offense mentioned by the defendant was the same drug offense alleged in the indictment. *Id* at 590.

In *Prihoda v. State*, the defendant was convicted of a second offense of driving

while intoxicated. 352 S.W.3d 796, 800 (Tex. App.–San Antonio Aug. 31, 2011, pet. ref'd). On appeal, Prihoda argued that the State had failed to prove his prior driving-while-intoxicated conviction. *Id.* at 806. The evidence in the record linking Prihoda to the prior conviction included his full name and signature on the judgment and a reference made by the arresting officer to his prior conviction. *Id.* The arresting officer was the sole witness to testify at the trial, and he appeared to have trouble recalling the events surrounding the arrest. *Id.* at 807. The court of appeals found that the arresting officer's "vague response to a single question about a prior DWI would not enable the trial court" to piece together the remaining evidence to link Prihoda to the prior conviction. *Id.* at 810.

## ANALYSIS

■ At trial, the trier of fact must look at the totality of the evidence adduced. *Wood*, 486 S.W.3d at 589. The trier of fact must consider the evidence as a whole, as each piece of evidence may provide little meaning if considered in isolation. *Id.* The standard of review for evaluating the sufficiency of evidence requires that the appellate court "consider all the evidence in the light most favorable to the trial court's finding and determine whether a rational trier of fact could have found the essential elements beyond a reasonable doubt." *Id.* The trier of fact determines if the evidentiary pieces fit together to complete the jigsaw puzzle. *Flowers*, 220 S.W.3d at 923. We are required to measure the sufficiency of the evidence by a hypothetically correct jury charge. *Gollihar v. State*, 46 S.W.3d 243, 252 (Tex. Crim. App. 2001). We hold that the State has adduced sufficient evidence to link Appellant to the prior convictions.

In the jury charge, the two judgments introduced by the State for enhancement purposes were incorrectly styled as "The State of Texas v. Alvin Peter Henry, Jr." The hypothetically correct jury charge would have notified the jury that the name of the defendant in the judgments, Alvin Peter Henry, did not match the name of the defendant at trial. This ostensibly would have required the State to produce more relevant evidence than it did in order to complete the puzzle of legal sufficiency, as the judgments were now less reliable pieces of the puzzle. However, even if the name on the judgment matched that of the defendant, a certified judgment on its own is insufficient to prove a prior conviction. *Beck v. State*, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986); *Elizalde v. State*, 507 S.W.2d 749, 752 (Tex. Cr. App. 1974). Therefore, the State would have had to produce evidence other than the judgment to link Appellant to the prior convictions regardless of the error in the enhancement portion of the jury charge.

■ A defendant may be linked to prior convictions through his own admission. *Flowers*, 220 S.W.3d at 921–922. In *Wood*, we concluded that the defendant's testimony that he served prison time for a drug offense committed "in the 2000s" was sufficiently specific to link him to a prior conviction on September 23, 2002. 486 S.W.3d at 590. The fact that the State cited the wrong date for the enhancement offense during questioning was irrelevant. *Id.* The September 23, 2002 offense was the only charge for felony drug possession listed on the State's notice of intent to introduce extraneous offenses. *Id.*

In contrast, the State listed thirteen judgments of conviction against Appellant in the case at bar, including multiple aggravated-assault judgments and a single aggravated-robbery judgment. When the State questioned Appellant during the

punishment phase of trial, it merely asked if Appellant "had been to prison for aggravated assault" and Appellant answered "Yes." There were no details in either the State's question or Appellant's answer that linked Appellant specifically to the 1989 aggravated assault enhancement offense. Nothing in Appellant's testimony distinguished the 1989 enhancement offense from the 1978 conviction for aggravated assault introduced by the State. The State then asked if Appellant "had been to prison for aggravated robbery" and Appellant responded "Yeah." While the State introduced only one aggravated-robbery judgment, Appellant's testimony lacked even the identifying factor "in the 2000s" that was present in *Wood*. Appellant's testimony alone is insufficient to link him to the prior convictions, but it may serve as one piece of evidence to be viewed in conjunction with all other pieces.

■ A defendant may also be linked to prior convictions through "the testimony of a witness who personally knows the defendant and the fact of his prior conviction and identifies him." *Beck*, 719 S.W.2d at 209 (citing *Ward v. State*, 505 S.W.2d 832 (Tex. Crim. App. 1974)). Here, the witnesses who meet these requirements include Dr. Bell and Appellant's cousin, Dewayne Coleman. Under cross-examination, Dr. Bell responded "Yes" to the State's statement that Appellant has "been to prison for aggravated assault twice." Dr. Bell also replied that Appellant "has a history of violence" when the State remarked that Appellant has been to prison for aggravated robbery once and asked if Appellant was "a violent person." Dr. Bell's testimony also lacked the identifying details present in *Wood*, and his response that Appellant "has a history of violence" was ambiguous as to whether he actually knew of the prior aggravated-robbery conviction. However, unlike the arresting officer in *Prihoda*, Dr. Bell did not appear to have trouble responding to the question or recalling the facts at issue.

In questioning Dewayne Coleman, the State finally chose to include the year in which the enhancement offense occurred. Coleman answered affirmatively that he knew Appellant went to prison for aggravated assault in 1989. When the State then mentioned that Appellant went to prison for aggravated robbery in 2002, Coleman responded "Okay." Coleman's testimony provides a solid link between Appellant and the 1989 aggravated assault and a slightly more attenuated link between Appellant and 2002 aggravated robbery. In contrast, the testimonies of Appellant and Dr. Bell were each imperfect links between Appellant and the alleged prior convictions. We are required, however, to evaluate the evidence in the light most favorable to the trial court's finding and to base our evaluation on the evidence as a whole. The totality of the evidence adduced by the State includes the judgments of conviction, Appellant testifying that he had been incarcerated for aggravated assault and aggravated robbery at some point, Dr. Bell testifying to the same, and Coleman's knowledge of the enhancement offenses. While the pieces of evidence may be legally insufficient standing on their own, it is possible for a reasonable finder of fact to conclude that Appellant was convicted of the enhancement offenses.

## CONCLUSION

The trial court did not err in finding that the State had adduced legally-sufficient evidence linking Appellant to the enhancement offenses. The judgment of the court of appeals is therefore affirmed.

Keller, J., concurred.

KEEL, J., filed an opinion dissenting to the denial of Appellant's Motion for Rehearing, in which WALKER, J., joined.

I would grant Appellant's motion for rehearing because the evidence was insufficient to show beyond a reasonable doubt that he was convicted of aggravated robbery in 2002 as alleged for enhancement purposes.

Mr. Coleman's response "Okay" to the question, "And then he went to prison in 2002 for aggravated robbery, right?" proved nothing. Similarly, the prosecutor's statement to Dr. Bell that appellant had "been to prison ... for aggravated robbery once" proved nothing, and Dr. Bell's response, "He has a history of violence" did not prove an aggravated robbery conviction.

The closest the State came to proving the conviction was appellant's testimony that he had "been to prison" for aggravated robbery; but there was nothing to link him to the particular aggravated robbery conviction used for enhancement. Thus, this case is distinguishable from *Wood v. State*, 486 S.W.3d 583, 585 (Tex. Crim. App. 2016).

For these reasons, I dissent to the denial of Appellant's motion for rehearing on this issue.