# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-17-00271-CR

**Thomas Ritchie McBride, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
## NO. 76454, HONORABLE ALAN MAYFIELD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Thomas Ritchie McBride was indicted for burglary of a habitation, enhanced by two prior felony convictions. *See* Tex. Penal Code §§ 12.42(d); 30.02(a)(3), (c)(2). A jury convicted McBride of the offense as charged and assessed his punishment at ninety-nine years' imprisonment. The district court rendered judgment consistent with the jury's verdict. On appeal, McBride contends that the evidence is legally insufficient to show that one of his prior felony convictions was final for purposes of enhancement. The State acknowledges the evidentiary insufficiency but contends that McBride was not harmed by the error. We will reverse the portion of the district court's judgment imposing punishment and remand this cause to the district court for a new punishment hearing.

**BACKGROUND[1]**

McBride's indictment alleged that in 2015 he committed the felony offense of burglary of a habitation involving the theft or attempted theft of jewelry, and that this offense was enhanced by his two prior felony convictions: a 1984 conviction for burglary of a habitation and a 1979 conviction for burglary of a building. McBride pleaded not true to both enhancement allegations. At the conclusion of the trial, the jury convicted McBride of the offense as charged.

The case proceeded to a punishment hearing during which the State offered, and the court admitted, penitentiary packets for the 1984 and 1979 burglary offenses. Among the documents in the packet for the 1984 offense is a "Judgment," setting forth the jury's verdict of guilty and its assessment of punishment, and "Sentence," rendered in accordance with the jury's verdict and signed by the trial court. At the bottom of the Sentence document is a typed notation stating, "DEFENDANT GAVE NOTICE OF APPEAL IN OPEN COURT ON JUNE 12, 1984[.]" The State did not offer evidence that mandate had issued making the 1984 conviction final, and McBride did not complain to the trial court about the absence of such evidence. Ultimately, the jury found both the 1984 and 1979 enhancement allegations true and assessed McBride's punishment at ninety-nine years' imprisonment. The district court rendered judgment consistent with the jury's verdict. McBride filed a motion for new trial that was overruled by operation of law. This appeal followed.

---

[1] McBride has not challenged the sufficiency of the evidence supporting his conviction, and his appellate issue challenging the finality of his 1984 burglary conviction for purposes of enhancing his punishment does not require a detailed recitation of the facts of the 2015 burglary offense for which he was tried below. Both parties have discussed the facts only as relevant to the enhancement issue. We similarly limit our discussion of the facts to those necessary for the resolution of McBride's appellate issue. *See* Tex. R. App. P. 47.1.

**DISCUSSION**

McBride contends that the evidence is legally insufficient to show that his 1984 conviction for the felony offense of burglary was final for purposes of enhancing his punishment for the 2015 burglary. He notes that the State's own evidence during the punishment hearing shows that he gave notice of appeal of his 1984 conviction, which required the State to show that mandate had issued before it could rely on that conviction for enhancement purposes. Because the State did not make that showing, McBride requests a new trial on punishment.

When reviewing the sufficiency of the evidence supporting a finding that an enhancement allegation is true, we consider all the evidence in the light most favorable to the jury's finding and determine whether a rational trier of fact could have found beyond a reasonable doubt the existence of the prior conviction and the defendant's link to that conviction. *See Wood v. State*, 486 S.W.3d 583, 584 (Tex. Crim. App. 2016); *Flowers v. State*, 220 S.W.3d 919, 925 (Tex. Crim. App. 2007); *see also Henry v. State*, 509 S.W.3d 915, 919 (Tex. Crim. App. 2016) (citing *Wood* and *Flowers*).

Section 12.42(d) of the Texas Penal Code authorizes enhancement of punishment for a defendant being tried for a felony who is shown to have had two prior sequential felony convictions, where the second one is for an offense that occurred after the first one became final:

> If it is shown on the trial of a felony offense . . . that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

3

Tex. Penal Code § 12.42(d). The Texas Court of Criminal Appeals has explained that section 12.42(d) applies in the following chronological sequence of events: (1) the first conviction becomes final; (2) the offense leading to a later conviction is committed; (3) the later conviction becomes final; and (4) the offense for which defendant presently stands accused is committed. *Jordan v. State*, 256 S.W.3d 286, 290–91 (Tex. Crim. App. 2008). The Court has also ruled that the State bears the burden of proving beyond a reasonable doubt that a defendant's second previous felony conviction was committed after the defendant's first previous felony conviction became final. *Id.* at 291. If the State provides prima facie evidence of an enhancement conviction, and the record is silent on the finality of that conviction, courts will presume that the conviction is final. *Fletcher v. State*, 214 S.W.3d 5, 8 (Tex. Crim. App. 2007). But if that presumption of finality has been overcome—as here, when the penitentiary packet in evidence states that the prior conviction has been appealed—the State is required to proceed with proof of finality. *Id.* When the State fails to make a prima facie showing of finality, the defendant has no burden to carry, nor is he obligated to complain about or object to the lack of finality of the alleged prior conviction. *Id.*

Here, the State does not dispute McBride's complaint about the insufficiency of the evidence to support the finality of his 1984 conviction for enhancement purposes; rather, the State contends that McBride was not harmed by this error, that the error is generally not subject to a harm analysis, and that the punishment recited in the judgment of conviction can be reformed. *See Cuthbert v. State*, 415 S.W.2d 646, 648 (Tex. Crim. App. 1966) (concluding that evidence was insufficient to show date defendant committed one of offenses alleged in indictment for enhancement but affirming judgment of conviction after it was reformed). The State also points out that the

4

evidentiary error as to the finality of McBride's 1984 conviction affected only the minimum available punishment range—raising it from five to twenty-five years' imprisonment—not the maximum punishment. *See* Tex. Penal Code §§ 12.32, 12.42(b), (d). Because the jury sentenced McBride to ninety-nine years' imprisonment—the same maximum punishment available under his indictment even without the 1984 conviction—the State contends any error as to the minimum available punishment had no effect on the jury's deliberations. *Cf. Jordan*, 256 S.W.3d at 295 (Keller, P.J., dissenting) (stating that harmlessness of evidentiary insufficiency as to enhancement allegation seemed apparent because jury assessed ninety-nine years' imprisonment, which was top of punishment range).

Even if we were to conclude that this type of error is subject to a harm analysis, the Court of Criminal Appeals has determined that the State's failure to meet its burden of proof is not harmless error. *Id.* at 293 (noting that "the jury's unsupported finding of true to the second enhancement allegation could very well have generated an inherent, institutional pressure to impose a greater sentence" and that "the legislative purpose behind the habitual felony-enhancement statute is to punish more harshly persons who repeatedly commit crimes"); *Fletcher*, 214 S.W.3d at 8 ("harmless error analysis should not be undertaken when the State fails to meet its burden of proof"); *Russell v. State*, 790 S.W.2d 655, 656 (Tex. Crim. App. 1990) (concluding "[s]ince the State failed to meet its burden to prove the enhancing conviction's finality, the proper remedy is a reversal and remand" (citing *Jones v. State*, 711 S.W.2d 634, 636 (Tex. Crim. App. 1986))).

Because the State's own evidence during the punishment hearing showed that McBride's 1984 conviction had been appealed, the State was required to proceed with proof of

5

finality. *See Fletcher*, 214 S.W.3d at 8; *Jones*, 711 S.W.2d at 636. Based on this record, we conclude that no rational trier of fact could have found the existence of the prior conviction—that is, a final prior conviction—alleged in the second enhancement paragraph beyond a reasonable doubt. *See Henry*, 509 S.W.3d at 919; *Wood*, 486 S.W.3d at 584; *Flowers*, 220 S.W.3d at 925. Accordingly, we sustain McBride's appellate issue.

## CONCLUSION

We affirm the portion of the district court's judgment adjudicating McBride's guilt, reverse the portion of the judgment imposing punishment, and remand this cause for a new punishment hearing.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Kelly

Affirmed in Part; Reversed and Remanded in Part

Filed: February 13, 2019

Do Not Publish

6