# NO. 12-21-00224-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIE JAMES JONES,* *APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Willie James Jones appeals his convictions for murder, unlawful possession of a firearm by a felon, and violation of a protective order. In his sole issue, Appellant argues that the evidence is insufficient to link prior convictions to him. We affirm.

### BACKGROUND

Appellant was indicted for murder, unlawful possession of a firearm by a felon, and violation of a protective order.[1] The indictment also alleged two enhancement paragraphs, increasing the range of punishment to that of a habitual offender, with a minimum sentence of twenty-five years of imprisonment for each offense.[2] Appellant pleaded "not guilty" to the offenses, and the matter proceeded to a jury trial. The jury found Appellant "guilty" of the offenses.

At the ensuing punishment hearing, Appellant pleaded "not true" to both enhancement allegations. The State called Crockett Police Department Chief Clayton Smith. The State offered, and the trial court admitted, State's Exhibits 102 and 103, which were penitentiary

---

[1] *See* TEX. PENAL CODE ANN. §§ 19.02(b)(1) (West 2019), 25.07(a)(1) (West Supp. 2022), 46.04(a)(1) (West 2019).

[2] *See id.* § 12.42(d) (West 2019).

packets ("pen packets") containing certified judgments from the Texas Department of Criminal Justice – Institutional Division (TDCJ-ID). These exhibits contained front facial and side profile photographs, physical descriptions of a person named "Willie James Jones," and other information that matches or closely resembles Appellant's identifying information. The pen packets also contained fingerprints, but the State did not attempt to prove Appellant's identity through a fingerprint expert. Its stated reason was that the quality of the fingerprints prohibited such proof.

The jury found that the enhancement allegations were "true." Accordingly, the jury sentenced Appellant to sixty years of imprisonment for each offense to be concurrently served. Appellant filed a motion for new trial, which was denied by the trial court. This appeal followed.

## PRIOR CONVICTIONS

In his sole issue, Appellant challenges the sufficiency of the evidence supporting the jury's finding of "true" to the two enhancement allegations alleged in the indictment, which raise the minimum term of imprisonment to twenty-five years under the habitual offender statute.

### Standard of Review and Applicable Law

"To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists . . . and (2) the defendant is linked to that conviction." *Henry v. State*, 509 S.W.3d 915, 918 (Tex. Crim. App. 2016); *see also Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007).

Evidence of a certified copy of a final judgment and sentence accompanied by fingerprint expert testimony may be a preferred and convenient means, but the State may use other types of evidence to prove an enhancement. *Henry*, 509 S.W.3d at 918. Examples of acceptable evidence include the admission or stipulation of the defendant, testimony by people present at the time of the defendant's conviction and who can identify the defendant as the person convicted, and documentary proof which contains sufficient information to establish that a prior conviction exists and the defendant's identity as the person convicted. *See id.*

With respect to documentary proof, no specific document or mode of proof is required to prove these two elements. *Flowers*, 220 S.W.3d at 921. In proving prior convictions, identity often includes the use of a combination of identifiers, and each case is to be judged on its own individual merits. *Littles v. State*, 726 S.W.2d 26, 32 (Tex. Crim. App. 1984) (op. on reh'g).

The totality of the circumstances determines whether the State met its burden of proof. *Flowers*, 220 S.W.3d at 923. The proof that is adduced to establish that the defendant on trial is one and the same person that is named in an alleged prior criminal conviction or convictions closely resembles a jigsaw puzzle. *Human v. State*, 749 S.W.2d 832, 836 (Tex. Crim. App. 1988). The pieces standing alone usually have little meaning. *Id.* However, when the pieces are connected, they usually form the picture of the person who committed that alleged prior conviction or convictions. *Id.* "The trier of fact fits the pieces of the jigsaw puzzle together[,] . . . weighs the credibility of each piece[, and] . . . determines if these pieces fit together sufficiently to complete the puzzle." *Flowers*, 220 S.W.3d at 923.

It is true that the mere introduction of the judgment and sentence is not sufficient even if the name on the judgment and sentence is the same as the name of the defendant. *Henry*, 509 S.W.3d at 919. However, if a document associated with the prior conviction contains a photograph and a physical description of the person convicted, the trier of fact can base a finding of identity on that information. *Littles*, 726 S.W.2d at 32; *Gollin v. State*, 554 S.W.2d 683, 686 (Tex. Crim. App. 1977); *Yeager v. State*, 737 S.W.2d 948, 951-52 (Tex. App.—Fort Worth 1987, no pet.).

Appellate courts review the sufficiency of the evidence linking a defendant to a prior conviction used for enhancement purposes by considering all the evidence in the light most favorable to the trial court's determination and deciding whether a rational trier of fact could have made the determination beyond a reasonable doubt. *See Henry*, 509 S.W.3d at 919. If the totality of the evidence shows that the existence of the conviction and its link to the defendant can be found beyond a reasonable doubt, then the various pieces used to complete the puzzle are necessarily sufficient to prove a prior conviction. *Flowers*, 220 S.W.3d at 923. Provided that the proof of identity is sufficient, no error will be found on appeal. *Littles*, 726 S.W.2d at 32.

**Discussion**

Appellant contends that the evidence is insufficient to support the jury's finding that he committed the offenses that are the subject of the two enhancement paragraphs, because the evidence consists solely of pen packets for each offense. His argument continues that the pen packets contain only photographs and fingerprints of a person named Willie James Jones with no other identifying information, that the exhibits were unaccompanied by testimony of a fingerprint expert, and as such, the evidence is insufficient. We disagree.

As support, Appellant relies on *Littles v. State*, 726 S.W.2d 26 (Tex. Crim. App. 1984). Appellant appears to rely primarily on the original opinion in which the Texas Court of Criminal Appeals held that the state failed to prove the prior offenses with sufficient evidence. *See Littles*, 726 S.W.2d at 29-30. However, the Court granted the state's motion for rehearing, reversed its earlier decision, and held that the state's proof of the earlier offense was sufficient. *See id.* at 30-32 (op. on reh'g). In *Littles*, the defendant was linked to one prior conviction by means of fingerprints, but the records of the second prior conviction did not contain fingerprints. *See id.* at 32. Both pen packets contained photographs of the defendant. *Id.* Given the fact that the defendant was adequately linked to the first exhibit, the Court held that the jury was in a position to compare the two photographs to the defendant and find him to be the same person. *See id.* In contrast to Appellant's contention, the Court also stated that photographs, physical descriptions, and other identifying information can supply sufficient proof that the defendant committed the prior offenses. *See id.* Although it remains unclear whether a photograph, without more, is sufficient, we have far more information linking Appellant to the prior convictions in this case.

The pen packets in State's Exhibits 102 and 103 both contain the judgments alleged as the enhancements in the indictment. Each pen packet is certified by the TDCJ-ID's custodian of records. Each contains facial and side profile photographs along with Appellant's name and physical description, a date of birth, a place of birth, a description of tattoos and scars, a last residence identified as Crockett, Texas, and the "DPS (SID) number" of 04314141. The information in Exhibits 102 and 103 are almost identical to each other and the pictures appear to be the same person.

Specifically, the pen packet in State's Exhibit 102 states that Willie James Jones is a black male born on August 31, 1972, who is 5 foot 4 inches tall with brown eyes who lives in Crockett, Texas. State's Exhibit 102 also has a signature that the jury could compare to the signature on Appellant's driver's license in State's Exhibit 37 and see that it is very similar. The jury also had the photos in State's Exhibit 102 to compare with Appellant at trial. The jury could conclude that, despite the fact that the height is not exactly the same in that pen packet as in the license, Appellant is the same person who was convicted of Delivery of a Controlled Substance in Cause No. 00-CR-070 in Houston County.

The pen packet in State's Exhibit 103 states that Willie James Jones is a black male born on August 31, 1972, who is 5 foot 6 inches tall with brown eyes who lives in Crockett, Texas.[3] The jury also had the photos in State's Exhibit 103 to compare with Appellant at trial. As with State's Exhibit 102, the jury could reasonably conclude that Appellant is the same person in State's Exhibit 103 who was convicted of Delivery of Controlled Substance in Cause No. 08-CR-026 in Houston County.

Appellant claims there is no evidence of his date of birth. However, State's Exhibit 37 contains a copy of the front of Appellant's driver's license showing his name as "Willie James Jones" and his birthdate as August 31, 1972. The license also has an address in Crockett, Texas, and has the same or similar physical description as found in State's Exhibits 102 and 103. Appellant also gave his birthdate to Chief Smith during his interview as August 31, 1972. That is the same birthdate found in both pen packets in State's Exhibits 102 and 103.[4]

The jury had the opportunity to view Appellant in the courtroom and compare what they saw with the photographs and the physical description in each of the pen packet exhibits and his driver's license. In addition, Chief Smith identified Appellant in the courtroom. The State relies further on Chief Smith's testimony that he knew Appellant prior to the instant offenses, and it appeared to him that Appellant was the same person as the pictures in the pen packets. Chief Smith also testified without objection that he spoke with Appellant about being a convicted felon.

Viewing the evidence in the light most favorable to the State, after linking the pieces of the jigsaw puzzle together, we hold that a rational trier of fact could have found the essential elements beyond a reasonable doubt and that the evidence is sufficient to link the convictions found in Exhibits 102 and 103 to Appellant. *See* ***Littles***, 726 S.W.2d at 32; *see also* ***Gollin***, 554 S.W.2d at 686.

As a result, we overrule Appellant's sole issue.

---

[3] State's Exhibit 103 contains two judgments, one for Cause No. 9200 in Trinity County, Texas, and the second is Cause No. 08-CR-026 in Houston County. Trinity County Cause No. 9200 is not the conviction the State used to support the enhancement in this case. Instead, the judgment in Cause No. 08-CR-026 in Houston County states that the terms of the plea bargain and sentence "shall run concurrent w/Trinity County Case No. 9200."

[4] In addition to the exhibits themselves, Chief Smith went on to testify that State's Exhibits 102 and 103 had a birth date for Willie James Jones of August 31, 1972.

## DISPOSITION

Having **_overruled_** Appellant's sole issue, the trial court's judgment is **_affirmed._**

**BRIAN HOYLE**
Justice

Opinion delivered December 14, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 14, 2022**

**NO. 12-21-00224-CR**

**WILLIE JAMES JONES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 19CR-115)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*