**Affirmed and Opinion filed April 6, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00283-CR

---

**RANDY  R.  JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 21st District Court**
**Washington County, Texas**
**Trial Court Cause No. 17,142**

---

## OPINION

Pursuant to a plea bargain, appellant pleaded guilty to possession of a controlled substance. The court sentenced him to ten years' confinement, probated for six years. Ultimately, the trial court revoked appellant's community supervision and assessed punishment at ten years' confinement.

In a single issue, appellant contends that the trial court erred by admitting three exhibits—certified copies of orders of deferred adjudication and judgments of convictions—because the prior offenses were not sufficiently linked to him.

Appellant contends that, without the error, the court likely still would have revoked his community supervision but would not have assessed punishment at the maximum of ten years' confinement.

We hold that the trial court did not err by admitting the exhibits because each prior conviction was sufficiently linked to appellant by his name and unique Texas state identification number. We affirm the trial court's judgment.

## I.    Background

The judgment of conviction in this case bears appellant's name, Randy R. Johnson, and "State ID No.: TX TX 06961497." His community supervision officer testified that the number appearing on this judgment, "Texas 06961497," is appellant's unique Texas state identification number associated with his criminal record.

A police officer testified that he arrested appellant on August 19, 2018, for possession of a controlled substance with intent to deliver after the officer found thirty-three grams of oxycodone in appellant's vehicle. The State offered into evidence Exhibit No. 2, a certified order of deferred adjudication dated October 31, 2019, and signed by Judge Brian Warren. The order identifies the defendant as Randy Ray Johnson with state identification number TX 06961497 for the offense of "possession of a controlled substance with intent to deliver 4 – 200 grams," and an offense date of August 19, 2018. Appellant's counsel objected to the admission of Exhibit No. 2 because the "ID number" was "not sufficient to admit the contents." Counsel informed the court that the State's fingerprint expert was unable to determine that the fingerprint on Exhibit No. 2 matched appellant's fingerprint. The court said it would accept counsel's representation as true. The court admitted Exhibit No. 2.

The State then moved to admit Exhibit Nos. 5 and 6. Exhibit No. 5 is a certified copy of a judgment of a 2013 conviction for Randy Ray Johnson with state identification number TX 06961497 for a misdemeanor possession of marijuana. Exhibit No. 6 is a certified copy of a 2011 order of deferred adjudication and 2013 judgment adjudicating guilt for Randy Ray Johnson with state identification number TX 06961497 for a state jail felony possession of a controlled substance. Appellant's counsel did not lodge a specific objection to these exhibits, but counsel referred to the fingerprints not matching. The court ruled, "I'm going to overrule that objection," and admitted the exhibits.

Soon after, the State rested its case. Appellant's counsel attempted to make an offer of proof with the fingerprint expert, but the court announced that it would accept as the offer that the expert could not identify the fingerprints on each of the exhibits. The court again ruled, "I will still overrule your objections and those three exhibits are admitted."

Appellant adduced testimony from his girlfriend. She testified that she was present with appellant when he pleaded guilty and was placed on deferred adjudication community supervision for a drug offense in Harris County in 2019 in front of Judge Warren.

## II. Legal Principles

When regular community supervision is revoked, as here, the court may proceed to dispose of the case as if there had been no community supervision, which may include sentencing the defendant to the term of confinement originally assessed or sentencing the defendant to a lesser term. *See Lombardo v. State*, 524 S.W.3d 808, 816 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Often, as here, the sentence is imposed during the same hearing at which community supervision is revoked. *See Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015). As

3

with any punishment hearing, regardless of the defendant's plea and whether the punishment is assessed by the judge or jury, evidence of a defendant's prior criminal record is admissible if relevant to determine the defendant's sentence. *See* Tex. Code Crim. Proc. art. 37.07, § 3(a)(1).

To prove that a defendant has been convicted of a prior offense, the State must prove that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Henry v. State*, 509 S.W.3d 915, 918 (Tex. Crim. App. 2016). Although a "certified copy of a final judgment and sentence may be a preferred and convenient means" of proving a prior conviction, no specific document or mode of proof is required to prove these elements. *Id.* Acceptable evidence may include testimony or other "documentary proof which contains sufficient information to establish that a prior conviction exists and the defendant's identity as the person convicted." *Id.* Each piece of evidence used to link a defendant to a prior conviction may be insufficient on its own to prove the required elements, but it is the fact finder's duty to determine if the evidentiary pieces fit together. *See id.* at 919–20.

This test for proving a prior conviction is often used in the context of proving an enhancement to punishment when the burden of proof is beyond a reasonable doubt. *See id.* at 918. However, the burden for proving prior convictions as part of a defendant's criminal record under Article 37.07, § 3(a)(1), is not beyond a reasonable doubt. *See Bluitt v. State*, 137 S.W.3d 51, 54 (Tex. Crim. App. 2004). Generally, the burden of proof in a proceeding to revoke community supervision is by a preponderance of the evidence. *See Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013).

When, as here, the defendant challenges the admissibility of evidence about a prior conviction, rather than the sufficiency of the evidence to prove the

conviction, the issue is one of conditional relevancy. *See Perez v. State*, 21 S.W.3d 628, 630 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *Rosales v. State*, 867 S.W.2d 70, 72 (Tex. App.—El Paso 1993, no pet.). *See generally* Tex. R. Evid. 104(b). Documents such as properly authenticated copies of a convicting court's judgment and sentence may be admissible although their relevance depends upon the introduction of evidence sufficient to support a finding that the defendant on trial is the same person as the one previously convicted. *Perez*, 21 S.W.3d at 630. When, as here, it is clear from the record that no additional evidence would be offered by the State to prove identity other than the objected-to documents, the trial court must determine whether the evidence would support a rational finding that the defendant was the same person shown to have been previously convicted. *See Rosales*, 867 S.W.2d at 73.

We review the trial court's ruling on the admission of evidence for an abuse of discretion. *See Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). A trial court abuses its discretion if the ruling lies outside the zone of reasonable disagreement. *Id.*

## III. Analysis

Although it does not appear this court has addressed whether the Texas identification number appearing on a judgment of conviction, along with the defendant's name, can sufficiently link a defendant to a prior conviction, several courts have answered the question affirmatively. *See Barnes v. State*, 585 S.W.3d 643, 650 (Tex. App.—Texarkana 2019) (sufficient link based on name and state identification number), *rev'd on other grounds*, No. PD-1072-19, 2021 WL 476483 (Tex. Crim. App. Feb. 10, 2021) (not designated for publication); *see also Westbrook v. State*, No. 10-18-00367-CR, 2021 WL 2252818, at *1 (Tex. App.— Waco May 26, 2021, no pet.) (mem. op., not designated for publication) (same);

5

*Gonzales v. State*, No. 05-19-00719-CR, 2020 WL 1672554, at *3 (Tex. App.—Dallas Apr. 6, 2020, no pet.) (mem. op., not designated for publication) (same); *Johnson v. State*, No. 02-17-00382-CR, 2019 WL 4309171, at *10 (Tex. App.—Fort Worth Sept. 12, 2019, pet. ref'd) (mem. op., not designated for publication) (same).

Several of these decisions are unpublished, but we cite them for illustrative and comparative purposes rather than as precedent. *See Roberson v. State*, 420 S.W.3d 832, 837 (Tex. Crim. App. 2013). Their rationale is sound. We hold that orders and judgments of convictions containing a Texas state identification number, coupled with testimony that the number is "unique" to a defendant's criminal record, provides sufficient basis for the fact finder to link the defendant to prior convictions for purposes of proving a defendant's criminal history under Article 37.07, § 3(a)(1). *See Barnes*, 585 S.W.3d at 650; *cf. Ex parte Warren*, 353 S.W.3d 490, 495 (Tex. Crim. App. 2011) (reasoning, "[m]ost importantly," that convictions described in documents could be linked to the defendant because the documents contained the same "FBI number," which is a "'unique identifier' that cannot be assigned to another person and is reliable in identifying an individual in criminal investigations").

Accordingly, the trial court did not abuse its discretion by admitting the three exhibits containing appellant's name and unique state identification number for purposes of proving his criminal record.[1]

---

[1] Moreover, we note that the drug offense depicted in Exhibit No. 2 was further linked to appellant through the testimony of several witnesses—a police officer described arresting appellant on the date of the offense for the same offense, and appellant's girlfriend witnessed him being placed on deferred adjudication for a drug offense in front of the judge named in the judgment in the same year as the judgment.

## IV. Conclusion

Appellant's sole issue is overruled. The trial court's judgment is affirmed.


/s/     Ken Wise
                Justice


Panel consists of Justices Wise, Poissant, and Wilson.

Publish — Tex. R. App. P. 47.2(b)