

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00311-CR

———————————————

LEANDRO CHAIN GONZALES, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CR23-0225

Before Kerr, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Appellant Leandro Chain Gonzales pleaded guilty to felony driving while intoxicated (DWI) but pleaded "not true" to the indictment's habitual-offender enhancement paragraphs alleging that he had three prior felony DWI convictions. Following a bench trial on punishment, the trial court found two of the habitual-offender enhancements true and sentenced Gonzales to life in prison. On appeal, Gonzales argues in a single point that the evidence was legally insufficient to support the trial court's finding that the indictment's first habitual-offender enhancement paragraph was true.[1] We affirm.

## I. BACKGROUND

In December 2022, a driver heading eastbound on I-20 in Parker County called 911 to report a black Honda CRV being driven in an erratic and unsafe manner. A state trooper responded and pulled over the vehicle. The trooper observed that the driver—identified as Gonzales—smelled of alcohol and had red, bloodshot eyes; slurred speech; and a lack of dexterity. After Gonzales failed all three standard field sobriety tests, the trooper arrested him on suspicion of DWI. Following his arrest,

---

[1]After counsel filed a brief on Gonzales's behalf, Gonzales filed a pro se letter raising additional "points." But because Gonzales is represented by counsel on appeal and because he is not entitled to hybrid representation, we do not consider his pro se letter. *See Ex parte Bohannan*, 350 S.W.3d 116, 116 n.1 (Tex. Crim. App. 2011); *Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004).

Gonzales consented to a breath test, which revealed his alcohol concentration to be well above the legal limit for intoxication. *See* Tex. Penal Code Ann. § 49.01(2)(B).

Gonzales was indicted for felony DWI. *See id.* §§ 49.04, 49.09(b). To satisfy the jurisdictional requirements for the charged offense, the State alleged in the indictment that Gonzales had six prior DWI convictions.[2] *See id.* § 49.09(b). The indictment also included three habitual-offender enhancement paragraphs alleging that Gonzales had previously been convicted of felony DWI in March 2018, May 2010, and December 1995, but the State effectively waived the second of these enhancement paragraphs at trial.[3] *See id.* § 12.42(d). Gonzales pleaded guilty to the felony DWI offense and "true" to the jurisdictional enhancement paragraphs, but he pleaded "not true" to the habitual-offender enhancement paragraphs.

During the bench trial on punishment, the State offered—as Exhibits Five and Seven—certified judgments to prove the prior felony DWI convictions alleged in the indictment's first and third habitual-offender enhancement paragraphs. The State

---

[2]The State waived two of the jurisdictional enhancements before trial.

[3]During closing argument, Gonzales's attorney pointed out that the indictment's sixth jurisdictional enhancement and second habitual-offender enhancement were based on the same conviction and were therefore not both eligible to be used. Apparently, Gonzales was initially convicted in May 2009 in Dallas County under Cause No. F-0953705 and placed on probation; then, in May 2010, his probation was revoked, and he was sent to prison under Cause No. F-0953705-R. Because Gonzales had already pleaded "true" to the sixth jurisdictional enhancement, the trial court—at the State's suggestion—disregarded the second habitual-offender enhancement.

called Beth Turnbow, a retired police officer with expertise in fingerprint identification, to prove that Gonzales was, in fact, the defendant reflected in the certified judgments. Turnbow confirmed that the fingerprints on State's Exhibit Seven belonged to Gonzales but acknowledged that Exhibit Five contained no fingerprints for her to analyze. Even though Exhibit Five lacked fingerprints, Turnbow indicated that Gonzales could still be linked to this prior conviction because the certified judgment reflected his unique state identification number,[4] which also appeared on other exhibits introduced by the State.[5] Further, the prior convictions recited in the judicial confession attached to the judgment admitted as Exhibit Five matched two of the alleged prior convictions in the present case, and Gonzales's wife testified during cross-examination that she had been with Gonzales when he had committed the offense reflected in Exhibit Five.[6]

---

[4]As Turnbow explained, when someone is arrested in the State of Texas, the State generates an identification number that is assigned to that specific person. This unique state identification number is then associated with the individual's entire criminal record. *See Johnson v. State*, 665 S.W.3d 902, 905 (Tex. App.—Houston [14th Dist.] 2023, no pet.).

[5]The certified judgment admitted as State's Exhibit Six reflected both Gonzales's state identification number (the same number that appeared on Exhibit Five) and his fingerprints. This same state identification number also appeared on the offense report in the present case and the presentence investigation (PSI) report, both of which were admitted into evidence.

[6]Gonzales's wife testified that she had been with Gonzales in 2018 when he committed a DWI in Dallas County. Her testimony did not reference a cause number or an exact conviction date, but a review of Gonzales's criminal history admitted as

4

At the punishment hearing's conclusion, the trial court found the indictment's first and third habitual-offender enhancement paragraphs to be true and sentenced Gonzales to life in prison. Gonzales filed a timely motion for new trial, which was overruled by operation of law. This appeal followed.

## II. DISCUSSION

In a single point, Gonzales contends that the evidence was legally insufficient to support the trial court's finding that the indictment's first habitual-offender enhancement paragraph was true.[7] We disagree.

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that a prior conviction exists and that the defendant is linked to that conviction, but no specific document or mode of proof is required to prove these two elements. *Henry v. State*, 509 S.W.3d 915, 918 (Tex. Crim.

---

part of the PSI report shows that she could have been referencing only the prior felony DWI conviction reflected on Exhibit Five.

[7]Although Gonzales characterizes his sole point as a legal-sufficiency challenge, he appears to argue that because the evidence was insufficient to link State's Exhibit Five to him, this exhibit was irrelevant, and the trial court therefore abused its discretion by admitting it. *See Perez v. State*, 21 S.W.3d 628, 630 (Tex. App.—Houston [14th Dist.] 2000, no pet.). But because Gonzales did not object when the State offered Exhibit Five during trial, he has failed to preserve any complaint regarding its admission. *See* Tex. R. App. P. 33.1; Tex. R. Evid. 103(a)(1); *Lovill v. State*, 319 S.W.3d 687, 691 (Tex. Crim. App. 2009). In any event, because—as shown below—the evidence was sufficient to link State's Exhibit Five to Gonzales, his relevance complaint is meritless. *See Perez*, 21 S.W.3d at 630 (concluding that the trial court had not erred by admitting copies of appellant's prior criminal record because the State proved the documents' relevance by offering evidence linking them to the appellant).

App. 2016) (quoting *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007)). One example of acceptable evidence is "documentary proof which contains sufficient information to establish that a prior conviction exists and the defendant's identity as the person convicted." *Id.* There is no "best evidence" rule in Texas that requires that the fact of a prior conviction must be proven with any document, much less any specific document. *Flowers*, 220 S.W.3d at 921. "Regardless of the type of evidentiary puzzle pieces the State offers to establish the existence of a prior conviction and its link to a specific defendant, the trier of fact determines if these pieces fit together sufficiently to complete the puzzle." *Id.* at 923.

Although a certified judgment, on its own, is insufficient to prove both required elements, *Henry*, 509 S.W.3d at 919, we and many of our sister courts have held that the appearance of a defendant's name and unique Texas identification number on a certified judgment can sufficiently link a defendant to a prior conviction, *see Johnson v. State*, No. 02-17-00382-CR, 2019 WL 4309171, at *10 (Tex. App.—Fort Worth Sept. 12, 2019, pet. ref'd) (mem. op., not designated for publication); *see also Westbrook v. State*, No. 10-18-00367-CR, 2021 WL 2252818, at *4 (Tex. App.—Waco May 26, 2021, no pet.) (mem. op., not designated for publication); *Gonzales v. State*, No. 05-19-00719-CR, 2020 WL 1672554, at *3 (Tex. App.—Dallas Apr. 6, 2020, no pet.) (mem. op., not designated for publication); *Barnes v. State*, 585 S.W.3d 643, 650 (Tex. App.—Texarkana 2019), *rev'd on other grounds*, No. PD-1072-19, 2021 WL 476483 (Tex. Crim. App. Feb. 10, 2021) (not designated for publication); *cf.*

*Johnson*, 665 S.W.3d at 907 (holding "that orders and judgments of convictions containing a Texas state identification number, coupled with testimony that the number is 'unique' to a defendant's criminal record, provides [a] sufficient basis for the fact finder to link the defendant to prior convictions for purposes of proving a defendant's criminal history under [Texas Code of Criminal Procedure] Article 37.07, § 3(a)(1)").

We apply the *Jackson* standard to determine whether the State offered sufficient proof of a prior conviction. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *cf. Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) ("[T]he *Jackson* . . . legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt."). Under this familiar standard, we view all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).

Gonzales asserts that the evidence was legally insufficient to support the trial court's finding that the indictment's first habitual-offender enhancement paragraph was true because State's Exhibit Five contained neither his fingerprints nor his photograph and because no one with personal knowledge testified to confirm that Gonzales was the defendant reflected in the certified judgment. But as noted above,

no specific mode of proof is required to prove a prior conviction. *Henry*, 509 S.W.3d at 918. The certified judgment admitted as State's Exhibit Five reflected both Gonzales's name and his unique state identification number. Although this information, standing alone, sufficed to link Gonzales to the prior conviction, *see Johnson*, 2019 WL 4309171, at \*10; *see also Westbrook*, 2021 WL 2252818, at \*4; *Gonzales*, 2020 WL 1672554, at \*3; *Barnes*, 585 S.W.3d at 650, the record contains additional evidence to support the trial court's finding. As previously noted, the prior convictions recited in the judicial confession attached to the judgment admitted as Exhibit Five matched two of the alleged prior convictions in the present case, and Gonzales's wife acknowledged that she was aware of Gonzales's 2018 DWI conviction—the one alleged in the indictment's first habitual-offender enhancement paragraph.

Because a rational factfinder, having considered the evidence outlined above, could have found beyond a reasonable doubt that Gonzales had been convicted of the prior offense alleged in the indictment's first habitual-offender enhancement paragraph, we overrule Gonzales's sole point. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Queeman*, 520 S.W.3d at 622.

## III. Conclusion

Having overruled Gonzales's sole point, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 25, 2024