# Court of Appeals
## Tenth Appellate District of Texas

---

10-24-00207-CR

---

Parrish Bell,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
87th District Court of Leon County, Texas
Judge Amy Thomas Ward, presiding
Trial Court Cause No. 22-0077CR

---

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Parrish Jamal Bell appeals his convictions for trafficking of persons and aggravated kidnapping. After a jury trial, the trial court sentenced him to confinement for life in the Texas Department of Criminal Justice—Institutional Division and a $10,000 fine. In his sole issue, Bell contends the evidence is insufficient to link him to a prior conviction in support of an enhancement paragraph. We affirm.

## BACKGROUND

After a trial on the merits, the jury returned its unanimous verdict, finding Bell guilty of trafficking of persons and aggravated kidnapping. At the punishment phase, the State introduced a pen packet from the Wisconsin Department of Corrections. It shows that Parrish Jamal Bell was convicted of the offense of manufacturing and/or delivering designer drugs, a felony E offense, on January 28, 2008. The judgment states that Bell's date of birth is March 31, 1977. The pen packet includes several clear pictures of Bell taken in 2020. Further, the pen packet identifies Bell's age, gender, race, ethnicity, weight, height, eye color, and hair color.

The State presented the testimony of Ranger Garrett Chapman who testified that the photographs in the pen packet are photos of Bell, the defendant in this case. Chapman also stated that the date of birth listed in the pen packet is the exact same as Bell's date of birth, and the height listed in the pen packet is consistent with Chapman's report. Chapman also testified that the offenses listed in the pen packet are consistent with the criminal history he obtained from the Texas Crime Information Center.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, Bell contends the evidence is insufficient to support the jury's finding of true on the enhancement paragraph. Specifically, he argues the evidence is insufficient to link him to the prior Wisconsin conviction.

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Henry v. State*, 509 S.W.3d 915, 918 (Tex. Crim. App. 2016). With respect to documentary proof, no specific document or mode of proof is required to prove these two elements. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution, to determine whether any rational trier of fact could have found the essential elements beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony, we defer to those determinations. *Id.* at 899.

Chapman testified that the pictures in the pen packet are photos of Bell. Additionally, the pen packet identified the defendant in the prior conviction by name, date of birth, race, gender, ethnicity, height, weight, hair color, and eye color. The jury was entitled to compare the information in the pen packet with

the defendant at trial and base its finding of identity on this information. *See Littles v. State*, 726 S.W.2d 26, 31-32 (Tex. Crim. App. 1987) (op. on reh'g). When viewing the evidence in the light most favorable to the State, we hold that a rational trier of fact could have found beyond a reasonable doubt that Bell was the same Parrish Jamal Bell who was convicted of the felony offense of manufacturing and/or delivering designer drugs in Wisconsin as alleged in the enhancement paragraph. *See Henry*, 509 S.W.3d at 918. We overrule Bell's sole issue.

## CONCLUSION

Having overruled Bell's sole issue, we affirm the trial court's judgment.

_____

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  August 14, 2025

Before Chief Justice Johnson,
    Justice Smith, and
    Justice Harris
Affirmed
Do not publish
CRPM

