In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00400-CR**
_____

**KENNETH RAY CHATMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 22-03-03134-CR**

_____

**MEMORANDUM OPINION**

Appellant Kenneth Ray Chatman appeals his conviction for the manufacture or delivery of a controlled substance. His indictment included two enhancement paragraphs. In one appellate issue, Appellant argues the evidence is insufficient to prove that he is the same person who was convicted in cause number 15,290, the

1

prior conviction alleged in the first enhancement paragraph of the indictment.[1] We affirm.

In 2022, Appellant was indicted for the manufacture or delivery of a controlled substance, namely methamphetamine, in an amount of four grams or more but less than two hundred grams, a first-degree felony. *See* Tex. Health & Safety Code Ann. § 481.112(d). The indictment alleged two prior convictions for enhancement purposes. *See* Tex. Penal Code Ann. § 12.42(d). The first enhancement paragraph of the indictment alleged the following:

> And the GRAND JURY further presents that said Defendant, Kenneth Ray Chatman, was convicted of a felony, to wit: Burglary of a Building on March 22, 1984 in the 221st District Court of Montgomery County, Texas in Cause No. 15-290-CR and said conviction became final prior to the commission of the aforesaid offense in Count I of this Indictment.

The second enhancement paragraph alleged a prior conviction for robbery in 1986. Appellant pleaded guilty to the offense of manufacture or delivery of a controlled substance and pleaded "not true" to the two enhancement allegations. The jury found the enhancement allegations to be true and assessed Appellant's punishment at forty years of imprisonment. Appellant timely appealed.

---

[1] Because Appellant's only issue on appeal challenges the evidence supporting the jury's finding that Appellant was the same person previously convicted in cause number 15,290 as alleged in the first enhancement paragraph, we do not discuss evidence related to the primary offense or to the second enhancement paragraph.

## Standard of Review and Applicable Law

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that a prior conviction exists, and the defendant is linked to that conviction. *Henry v. State*, 509 S.W.3d 915, 918 (Tex. Crim. App. 2016); *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim App. 2007). No specific document or mode of proof is required to establish these two elements. *Henry*, 509 S.W.3d at 918; *Flowers*, 220 S.W.3d at 921. Nor is there a "best evidence" rule in Texas that requires a prior conviction be proven with any document, much less any specific document. *Flowers*, 220 S.W.3d at 921. Any type of evidence, documentary or testimonial, may suffice. *See id.* at 922.

The State may establish the existence of a prior conviction by admitting certified copies of the judgment, but certified copies of a prior conviction are normally insufficient standing alone to link the defendant to the prior conviction, even if the name on the judgment and sentence matched that of the defendant in trial. *See Beck v. State*, 719 S.W.2d 205, 209-10 (Tex. Crim. App. 1986); *Paschall v. State*, 285 S.W.3d 166, 174-75 (Tex. App.—Fort Worth 2009, pet. ref'd); *see also Henry*, 509 S.W.3d at 919. The State has the burden of proving the link between the prior conviction and the defendant by bringing forth some additional evidence showing that the defendant is the same person named in the previous conviction. *See Beck*, 719 S.W.2d at 210; *see also Henry*, 509 S.W.3d at 918.

Typically, this link is established by admitting certified copies of a judgment and sentence and authenticated copies of the Texas Department of Corrections records, including fingerprints, supported by expert testimony identifying the prints as identical to known prints of the defendant. *Paschall*, 285 S.W.3d at 174-75; *see Littles v. State*, 726 S.W.2d 26, 31-32 (Tex. Crim. App. 1987) (en banc, op. on reh'g). While this may be the preferred and most convenient way to establish a prior conviction and link it to the defendant, the State may prove these elements in different ways, including the defendant's admission or stipulation or testimony by a person who was present when the defendant was convicted of the specified crime and can identify the defendant as the person. *See Henry*, 509 S.W.3d at 918; *Flowers*, 220 S.W.3d at 921-22. Acceptable evidence also includes documentary proof which contains sufficient information to establish that a prior conviction exists and the defendant's identity as the person convicted, such as a record that contains photographs or a detailed physical description of a named person and the accused was present in court for the factfinder to compare his appearance with that person described in the record. *See Henry*, 509 S.W.3d at 918; *Flowers*, 220 S.W.3d at 921-22; *Littles*, 726 S.W.2d at 31-32; *see also Dorsett v. State*, 396 S.W.2d 115, 116 (Tex. Crim. App. 1965).

Regardless of the type of evidentiary "puzzle pieces" the State offers to prove the existence of a prior conviction and its link to a defendant, the factfinder

determines if the pieces fit together sufficiently to complete the evidentiary puzzle. *Flowers*, 220 S.W.3d at 923 (citing *Human v. State*, 749 S.W.2d 832, 835-36 (Tex. Crim. App. 1988) (op. on reh'g) (equating the proof used to prove prior convictions to a jigsaw puzzle and the pieces of evidence fitting together like puzzle pieces)); *see also Henry*, 509 S.W.3d at 919. "If these two elements can be found beyond a reasonable doubt, then the various pieces used to complete the puzzle are necessarily legally sufficient to prove a prior conviction." *Flowers*, 220 S.W.3d at 923.

In reviewing the legal sufficiency of the evidence, we consider all the evidence in the light most favorable to the jury's finding to determine whether, based on that evidence, and the reasonable inferences from it, the jury was rationally justified in finding the allegation "true" beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013) (describing legal sufficiency standard); *Young v. State*, 14 S.W.3d 748, 750 (Tex. Crim. App. 2000) (explaining legal sufficiency standard used to sustain conviction "appl[ies] equally to the affirmative findings necessary to sustain the imposition of an enhanced punishment[]"). The jury is the sole judge of credibility and weight to be attached to witness testimony. *Temple*, 390 S.W.3d at 360.

## Analysis

On appeal, Chatman argues the evidence is insufficient to support the jury's finding that he is the person who was convicted in cause number 15,290, as alleged

5

in the first enhancement paragraph of his indictment. Jerry Stovall, a sergeant investigator at the Montgomery County District Attorney's Office, testified at trial that he was a fingerprint examiner and an expert in fingerprint examination. He has testified in courts in both Travis County and Montgomery County as an expert in fingerprint identification. During his direct examination in Chatman's trial, Sergeant Stovall provided the following testimony, which ties Chatman based on his fingerprints to several exhibits the State introduced into evidence during the trial:

Q. (BY [PROSECUTOR]) Showing you State's Exhibit 25. Do you recognize this?

A. I do.

Q. What is it?

A. It's a ten-card which is one of those card stocks that I mentioned before where I intentionally recorded fingerprints, right hand, left hand on that card.

Q. And when did you make it?

A. Yesterday at about 4:50.

Q. Okay. In the courtroom today do you see the person whose inked fingerprints appear on that card?

A. I do.

Q. Okay. Can you point to him and identify him by what he's wearing?

A. Dark suit and suit and -- sorry, my glasses. Kind of a multicolored tie.

6

Q. Okay. Just for the record, out of the three people sitting at the defense counsel table, which one are you pointing to?

A. The gentleman in the middle.

[PROSECUTOR]: Your Honor, would the record reflect the witness has identified the defendant?

THE COURT: [] It shall.

. . . .

Q. (BY [PROSECUTOR]) So I want to show you what's been premarked as State's Exhibit 24 and 14 in particular. Do you recognize these?

A. I do.

Q. And how do you recognize them?

A. They were provided to me previously -- previous to this date to begin working on this print packet.

Q. And is there a fingerprint on State's Exhibit 14?

A. There is.

Q. And have you compared the defendant's fingerprints on the inked print with that print on State's 14?

A. I have.

Q. And do you have an opinion as to whether or not the fingerprints were made by the same individual?

A. It's my opinion that they belong to the same individual.

Q. Is that individual Kenneth Chatman?

A. Yes.

7

State's Exhibit 25, the ten-print fingerprint card of Appellant's fingerprints personally recorded and obtained by Stovall the day before trial, was admitted into evidence. Other relevant exhibits admitted at trial include a December 4, 1981 Judgment placing Kenneth Chatman on probation for three years for burglary of a building in cause number 15,290 in the 221st District Court of Montgomery County and depicting a right thumb print (State's Exhibit 14); a March 22, 1984 Order Revoking Probation and Pronouncing Sentence for Kenneth Ray Chatman in cause number 15,290 in the 221st District Court of Montgomery County and sentencing him to three years of imprisonment for burglary of a building (State's Exhibit 24); an indictment in 2009 for Kenneth Ray Chatman for two counts of possession of a controlled substance with intent to deliver/manufacture in cause number 09-10-10267-CR in the 284th District Court in Montgomery County that listed a prior conviction for felony burglary of a habitation in cause number 15,290 and a prior conviction in 05-01-00769-CR for enhancement purposes (State's Exhibit 15); the judgment in cause number 09-10-10267-CR convicting "Kenneth Ray Chatman" (identified by "State ID No. TX03283368") of the 2009 offense and noting his plea of true to the enhancements but bearing an unclear fingerprint (State's Exhibit 16); and a 2005 judgment in cause number 05-01-00769-CR for "Kenneth Ray Chatman" (identified by "SID#: TX03283368") with a fingerprint (State's Exhibit 19).

8

On appeal, Appellant argues Stovall later testified that he did not use State's Exhibit 25, the inked fingerprint card as the "known" fingerprints in the case, as the basis of comparison to the fingerprint on State's Exhibit 14 (the judgment placing Kenneth Chatman on probation in cause number 15,290). In support of that argument, Appellant relies on the following testimony by Stovall:

Q. (BY [PROSECUTOR]): I want to start here on State's 24. Can you tell us what the cause number is in this case?

A. 15290.

Q. And what is the defendant's name on this order?

A. Kenneth Ray Chatman.

Q. And what is this document titled up on the top?

A. Order Revoking Probation and Pronounce Sentence - - Pronouncing Sentence[.]

Q. I'm showing you State's Exhibit 14. Is that the same cause number at the top?

A. Correct.

Q. And for the same defendant?

A. Yes, sir.

Q. And what charge do we see?

A. Burglary of a building.

Q. And is that a felony charge?

A. Yes, sir.

9

Q. And at the very bottom where it says right thumbprint, do we see a print?

A. Yes, sir.

Q. You mentioned earlier that you were able to compare that to the inked card that we put right above in State's 25. Is this the inked print you compared to that print?

A. So I compared to the offense that he was in custody for currently, and that print matched that print.

In relying on this testimony on appeal, Appellant argues that the "known" fingerprint that Stovall compared to State's Exhibit 14 was not admitted into evidence, the source of the "known" fingerprint was never clarified, and the record is unclear as to what fingerprint(s) Stovall compared to the fingerprint in State's Exhibit 14. Appellant further argues that the signature in State's Exhibit 14 does not appear to be similar to any signature offered by the State into evidence and it does not provide any evidence of Appellant's identity, and that the other exhibits containing judgments linking Appellant to cause number 15,290 contain minimal identifiers and are not sufficient to identify Appellant as the one convicted in those exhibits.

The jury heard Stovall's initial testimony that he personally obtained Appellant's fingerprints the day before trial and those prints were recorded on a card, admitted as State's Exhibit 25. Sergeant Stovall testified that he agreed he "compared the defendant's fingerprints on the inked print with that print on State's

10

14[]" (the judgment for probation for in cause number 15,290), and in Stovall's expert opinion the fingerprints both belonged to Appellant. This testimony was sufficient to support the jury's finding that the first enhancement paragraph was true. *See Paschall*, 285 S.W.3d at 174-75. The jury, as the sole judge of credibility and weight to be attached to witness testimony, could have considered all of Stovall's testimony, drawn reasonable inferences from his testimony, and concluded that Stovall's testimony did not conflict with his prior testimony that in his expert opinion the "known" fingerprints he collected from Appellant on State's Exhibit 25 and the fingerprint on State's Exhibit 14 both belonged to Appellant. *See Temple*, 390 S.W.3d at 360.

In addition to Stovall's testimony comparing the fingerprints, other evidence supported the jury's finding that Appellant is the same person who is the subject of the conviction in cause number 15,290, and Stovall agreed that the fingerprint on State's Exhibit 19, the judgment in cause number 05-01-00769-CR for "Kenneth Ray Chatman[,]" matched the inked fingerprint of Appellant that Stovall had "compared it to earlier[.]" Notably, the SID number on that judgment matched the SID number for "Kenneth Ray Chatman" on State's Exhibit 16, the judgment in cause number 09-10-10267-CR and the judgment recites that "Kenneth Ray Chatman" pleaded true to the prior convictions alleged in the enhancement paragraphs, and the indictment in cause number 09-10-10267-CR (admitted as

11

State's Exhibit 15) stated that one of the prior convictions alleged for enhancement purposes was the conviction in cause number 15,290. Sergeant Stovall testified that the SID numbers are assigned by the State of Texas when someone is arrested, the number never changes during an individual's life, and the SID number is linked to the individual's fingerprints anytime they are booked for an offense.

Considering all the evidence in the light most favorable to the jury's finding, we conclude the evidence is sufficient to support the jury's finding beyond a reasonable doubt that Appellant is the person who is the subject of the prior conviction in cause number 15,290. *See Temple*, 390 S.W.3d at 360; *Flowers*, 220 S.W.3d at 923. We overrule Appellant's sole issue on appeal, and we affirm the trial court's judgment.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on October 9, 2023
Opinion Delivered December 13, 2023
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.

12